SHORT RECORD
NO. 14-1682
FILED 4/1/14

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LIGHTSPEED MEDIA CORP.,**

*Plaintiff,*

*v.*

**ANTHONY SMITH, et al.,**

*Defendants.*

Civ. No. 12-889 DRH

**NOTICE OF APPEAL**

Notice is hereby given that John Steele, Paul Duffy and Paul Hansmeier hereby appeal to the United States Court of Appeals for the Seventh Circuit from a final order finding them in contempt of court and imposing contempt sanctions, entered in this action on the 24th day of March, 2014 at docket number 136.

Dated: March 31, 2014

/s/ Paul Duffy (with consent)
Paul Duffy
2 N. LaSalle Street, 13th Floor
Chicago, IL 60602
312-952-6136

/s/ Paul Hansmeier
Paul Hansmeier
80 S. 8th St. Ste 900
Minneapolis, MN 55402
612-234-5744

/s/ John Steele (with consent)
John Steele
1111 Lincoln Road, Suite 400
Miami Beach, FL 33139
786-571-8131

## SEVENTH CIRCUIT APPEAL INFORMATION SHEET

*Include names of all plaintiffs (petitioners) and defendants (respondents) who are parties to the appeal. Use separate sheet if needed.*

*District:* Southern District of Illinois          *Docket No.*   12-889-DRH-SCW
*Division:* East St. Louis

**Plaintiff (Petitioner)       Short Caption       Defendant (Respondent)**
(                    Lightspeed Media Corporation v. Smith et al                    )

………………………………………………………………………………………………………

*Current Counsel for Plaintiff (Petitioner):*      *Current Counsel for Defendant(Respondent):*
*(Use separate sheet for additional counsel)*

| | |
|---|---|
| **Paul A. Duffy** | **Daniel G. Booth /Jason E Sweet** |
| Prenda Law, Inc. | Booth Sweet LLP |
| 161 N. Clark Street, Suite 3200 | 32R Essex Street |
| Chicago, IL 60601 | Cambridge, MA 02139 |
| 312-880-9160 | 617-250-8602 |
| **John L. Steele** | **John D. Seiver** |
| Steele Hansmeier PLLC | Davis Wright Tremaine LLP |
| 161 North Clark Street | 1919 Pennsylvania Avenue, NW |
| Suite 4700 | Suite 800 |
| Chicago, IL 60601 | Washington, DC 20006 |
| 312-880-9160 | **Bart Westcott Huffman** |
| **Kevin T. Hoerner** | Locke Lord LLP - Austin |
| Becker, Paulson et al. | 100 Congress Avenue |
| Generally Admitted | Suite 300 |
| 5111 West Main Street | Austin, TX 78701 |
| Belleville, IL 62226 | **Troy A. Bozarth** |
| 618-235-0020 | HeplerBroom LLC - Edwardsville |
| **Paul Hansmeier** | 130 North Main Street |
| Alpha Law Firm | P.O. Box 510 |
| 80 South 8th Street | Edwardsville, IL 62025 |
| Ste 900 | 618-656-0184 |
| Minneapolis, MN 55402 | **Andrew G. Toennies** |
| 651-399-1583 | Lashly & Baer PC |
| | 714 Locust Street |
| | St. Louis, MO 63101 |
| | 314-436-8347 |

………………………………………………………………………………………………………......

| | | | |
|---|---|---|---|
| *Judge:* | David R. Herndon | *Nature of Suit Code:* | 890 |
| | | *Date Filed in District* | |
| *Court* | Molly Clayton | *Court:* | 8/9/2012 |
| *Reporter:* | 750 Missouri Ave. | *Date of Judgment:* | 3/24/2014 |
| | East. St. Louis, IL 62201 | *Date of Notice of Appeal:* | 3/31/14 |

*Counsel:* ___ *Appointed*   <u>x</u> *Retained*   ___ *ProSe*
*Fee-Status* ___ *Paid*   <u>x</u> *Due*   ___ *IFP*   ___ *IFP-Pending*   ___ *U.S.*   ___ *Waived*

*Has Docketing Statement been filed with the District Court's Clerk's Office:*   ___ *Yes*   <u>x</u> *No*
*If 28 U.S.C. §2254 or 28 U.S.C. § 2255, was certificate of appealability:*   ___ *Granted* ___ *Denied* ___ *Pending*
*If certificate of appealability was granted or denied, what is the date of the order:*   Click here to enter a date.
*If Defendant is in Federal custody, please provide United States Marshal number (USM#):*   Click here to enter text.

**IMPORTANT:  THIS FORM IS TO ACCOMPANY THE SHORT RECORD SENT TO THE CLERK OF THE U.S. COURT OF APPEALS PURSUANT TO CIRCUIT RULE 3(a).**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| LIGHTSPEED MEDIA CORP., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 12-889-GPM |
| | ) | |
| ANTHONY SMITH, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# <u>MEMORANDUM AND ORDER</u>

**MURPHY, District Judge:**

Currently before the Court are motions to vacate, or in the alternative reconsider the order granting fees and costs to Defendant Anthony Smith filed by Paul Duffy, Paul Hansmeier, and John Steele (Docs. 66, 68, 74). Also before the Court are motions for fees and costs filed by Defendants ComCast Cable Communications, LLC ("ComCast") and SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T") (Docs. 78, 82), as well as itemizations of fees and costs filed by Smith, ComCast, and AT&T (Docs. 90, 97, 98).

The Court initially reserved ruling on these motions (*See* Doc. 96); for the reasons set forth below, the Court now denies the motions to vacate or reconsider filed by Duffy, Hansmeier, and Steele, and grants the motions for attorney fees filed by ComCast and AT&T.

## <u>BACKGROUND</u>

On March 21, 2013, this matter was voluntarily dismissed by Plaintiff Lightspeed Media Corp. (Docs. 59, 60). Following the dismissal, the Court granted Defendant Anthony Smith's motion requesting attorney fees and costs because Plaintiff filed and pursued claims against Smith

that Plaintiff knew were baseless from the start (Doc. 65).   The Court granted Smith his fees and costs under 28 U.S.C. § 1927 to be paid by Plaintiff's counsel: John Steele, Paul Duffy, and Paul Hansmeier (Doc. 65).   The Court's order granting Mr. Smith attorney fees was entered on October 30, 2013 (Doc. 65).   The very next day, Paul Hansmeier filed a motion to vacate, or in the alternative reconsider, the order (Docs. 66, 67) arguing that he should not be liable for Smith's attorney fees.   John Steele and Paul Duffy then filed similar motions on November 4, 2013 (Docs. 68, 69), and November 7, 2013 (Docs. 74, 75), respectively.   Defendant Anthony Smith filed a response in opposition to Duffy, Hansmeier, and Steele's motions (Doc. 92).

After the Court granted Smith's request for fees and costs, Defendants ComCast and AT&T then filed motions also requesting fees and costs (Docs. 78, 82).   Hansmeier filed a response in opposition to ComCast and AT&T's motions (Doc. 86), as did Steele (Doc. 88).   Smith filed a reply to Hansmeier and Steele's responses (Doc. 93).

A hearing was held on November 13, 2013 on all of the above motions (Doc. 70).   Duffy and Steele appeared at the hearing in person, and Hansmeier appeared by phone (Doc. 96).

## DISCUSSION

## I.  MOTIONS TO VACATE, OR IN THE ALTERNATIVE RECONSIDER ORDER GRANTING ATTORNEY FEES TO DEFENDANT ANTHONY SMITH

The Court will first address the motions to vacate, or in the alternative, reconsider its order granting fees and costs to Anthony Smith under 28 U.S.C. § 1927 filed by Plaintiff's current attorney of record, Paul Duffy, and former attorneys of record, Paul Hansmeier and John Steele (Docs. 66, 68, 74).   Because the motions fail to state any grounds warranting relief under Rule 60(b), the motions to vacate or reconsider are denied.

### A.  Legal Standard

Technically, a "Motion to Reconsider" does not exist under the Federal Rules of Civil Procedure.   But such motions are routinely filed, and they are generally treated as motions to alter or amend judgment under Rule 59(e), or motions for relief from a judgment or order under Rule 60(b).  *See e.g.*, *Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994).   At issue here is the Court's order granting Smith's request for attorney fees (Doc. 65), which is only an interim order because the Court has not yet determined the amount of attorney fees that Smith is entitled to.   *Midlock v. Apple Vacations W., Inc.*, 406 F.3d 453, 456 (7th Cir. 2005).   Since the order is not a final order and no judgment has been entered, Rule 59(e) is not applicable.   Therefore, the motions filed by Duffy, Hansmeier, and Steele must be evaluated under Rule 60(b).

"Relief under Rule 60(b) is an extraordinary remedy that is to be granted only in exceptional circumstances."  *Talano v. N.W. Med. Faculty Found., Inc.,* 273 F.3d 757, 762 (7th Cir. 2001).   Rule 60(b) permits a court to grant relief based on one of six specific grounds listed in the rule.  *Talano*, 273 F.3d at 762; FED. R. CIV. P. 60(b).   The request for relief "must be shaped to the specific grounds . . . listed in Rule 60(b)—they cannot be general pleas for relief."  *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).

### B.  Paul Duffy's Motion to Vacate or Reconsider (Doc. 74)

The Court turns first to Duffy's motion to vacate or reconsider because it can be easily dismissed as he does not state a proper legal basis for relief under Rule 60(b).   In his motion, Duffy argues that the Court should reconsider its order granting attorney fees to Anthony Smith because he took only "five discrete actions" in this matter, none of which multiplied the proceedings or were unreasonable or vexatious (Doc. 75).   In the alternative, if Duffy's actions

were sanctionable, Smith failed to identify any "excess" expenses directly traceable to Duffy's actions (Doc. 75).

Duffy's motion is not based on any of the grounds specified in Rule 60(b).   Instead, Duffy merely takes umbrage with the Court's analysis of the evidence and its ruling, and rehashes old arguments that he made and the Court denied in his response to Anthony Smith's motion for attorney fees (*Compare* Doc. 63 *with* Docs. 74, 75).   Neither of these things warrants relief under Rule 60(b). *Karraker v. Rent–A–Center, Inc.,* 411 F.3d 831, 837 (7th Cir. 2005) (Rule 60(b) motion is not the time to rehash previously rejected arguments); *Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir. 1995) (Rule 60 "was designed to address mistakes attributable to special circumstances and not merely to erroneous applications of law.")

Because Duffy's motion fails to state any grounds for relief within the scope of Rule 60(b), his motion to vacate or reconsider (Doc. 74) is **DENIED**.

### C.  Paul Hansmeier and John Steele's Motions to Vacate or Reconsider (Docs. 66, 68)

The Court next turns to the motions to vacate or reconsider filed by Hansmeier and Steele. These motions can be considered in tandem because they are largely identical.  Like Duffy, Hansmeier and Steele argue that that the Court should reconsider its order granting attorney fees to Anthony Smith because they took only a small number of "discrete actions" in this matter, none of which multiplied the proceedings or were unreasonable or vexatious (Docs. 67, 69).   As previously stated, these arguments do not translate into a legal basis warranting relief under Rule 60(b).

Hansmeier and Steele also argue that the Court should vacate its order because it imposed

sanctions on them without giving them notice or an opportunity to be heard in violation of their right to due process (Docs. 67, 69). Specifically, they claim that they were not apprised of Smith's motion for attorney fees until after the District Court had entered its order imposing sanctions on October 30, 2013 because Smith failed to serve them. Smith's motion for attorney fees was electronically filed on April 5, 2013, and the CM/ECF system sent notice to all attorneys of record (Doc. 61). Hansmeier and Steele claim that since they were no longer attorneys of record (*See* Doc.s 56, 58), they did not receive the notice (Doc. 67, 69).

"[T]he requirements of due process of law are applicable to a proceeding to impose sanctions, entitling a party or attorney to notice and opportunity to respond[.]" *Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1494 (7th Cir. 1989). Despite their protestations, the Court finds that Hansmeier and Steele both received all the process they were due.

First and foremost, Steele's claim that he never got notice of Smith's motion for fees is baseless. A review of CM/ECF records reveals that notice of Smith's motion for attorney fees (Doc. 61) went to numerous email addresses, including: docket@wefightpiracy.com—an email address used by both Steele and Paul Duffy.[1] Therefore, it is irrefutable that Steele had actual notice of Smith's motion for attorney fees prior to the Court's order granting the motion.

Second, Smith served Paul Duffy, Plaintiff's lead attorney, with his motion for attorney fees; and service on Duffy was effective for all of Plaintiff's counsel, past and present, including Steele and Hansmeier. Rule 5 does not require motions to be served on all counsel of record, but merely requires that the pleadings be served on all parties. *See* FED. R. CIV. P. 5(a)(1). Furthermore, service is not required on each of several counsel appearing on behalf of a party.

---

[1] Prior to his termination as counsel for Plaintiff, Steele received electronic notices from the CM/ECF system at three email addresses: (1) jlsteele@wefightpiracy.com, (2) docket@wefightpiracy.com, and (3) nawersal@wefightpiracy.com (*See, e.g.,* Doc. 57). He now receives electronic notices at johnlsteele33140@gmail.com (Doc. 88).

*Daniel Int'l Corp. v. Fischbach & Moore, Inc.*, 916 F.2d 1061, 1063 (5th Cir. 1990). "Service upon one, but not all, of its counsel is effective service." *Id.* (serving "local" counsel and not "lead" counsel complied with Rule 5 because the Rule does not "require service on each of several counsel appearing on behalf of a party"); *Buchanan v. Sherrill*, 51 F.3d 227, 228 (10th Cir. 1995) (serving motion for summary judgment only on plaintiff's attorney who had recently entered an appearance and not on attorney who had represented plaintiff from the outset complied with Rule 5 because the rule does not require service on both attorneys of record).

Here, Smith served his motion for attorney fees on Duffy, and that is all he was required to do. He did not have to also personally serve Steele and Hansmeier. This is particularly true since Duffy, Steele, and Hansmeier are all associated with the same law firm: Prenda Law, Inc. The docket sheet indicates Paul Duffy's firm is Prenda Law; Steele listed his firm as Prenda Law on his entry of appearance and his motion to withdraw (Docs. 20, 57); and Hansmeier indicated that he was "of counsel" to Prenda Law, Inc. (Doc. 50). The Court also takes judicial notice that Steele submitted a declaration in the Central District of California swearing that he was "of counsel with the law firm, Prenda Law, Inc." and that Hansmeier was "also of counsel to the firm." *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW (C.D. Cal. March 8, 2013), ECF No. 83).

Aside from being from the same firm, there is other evidence suggesting these three men worked in concert with one another. First, Duffy, Steele, and Hansmeier used each other's CM/ECF login information, and/or filed documents on behalf of one another. For example, both Steele and Hansmeier used Duffy's CM/ECF login information to enter their appearances, or Duffy attempted to do so for them (*See* Doc. 11, 15); Hansmeier also used Steele's CM/ECF login

Page 6 of 13

information to file his motion to continue, or Steele filed it on Hansmeier's behalf (Doc. 73).

Second, the similarities in documents filed by Duffy, Steele, and Hansmeier indicate an ongoing

relationship.   For example, in the instant motions to vacate/reconsider, the three men use identical

formatting from the caption, to the font, and the signature block, and the substance is largely the

same (*Compare* Docs. 66, 67, 67-1 *with* Docs. 68, 68-1, 68-2, 69 *with* Docs. 74, 75).   Third, the

Court takes judicial notice that several other federal courts have found Duffy, Steele, and

Hansmeier to be in cahoots.   Most notably, Judge Otis Wright in the Central District of California

found that Steele, Hansmeier, and Duffy were "starving attorneys" with "shattered law practices"

who conspired to use copyright laws to "plunder the citizenry," and he adopted into his findings a

chart showing the relationship between these men and others associated with Prenda Law.

*Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW, 2013 WL 1898633, at *1–*2, *5

(C.D. Cal. May 6, 2013).   *See also AF Holdings, LLC v. John Doe(s)*, Case No.

12-cv-1445-JNE-FLN, (D. Minn. November 6, 2013), ECF No. 67 (noting Judge Wright's

findings, but stating "[i]t would not be a wise use of the Court's limited resources to *sua sponte*

attempt to fully untangle the relationship between Hansmeier, Steele, Duffy, [and others]"); *AF*

*Holdings, LLC v. Navasca*, Case No. 12-cv-02396-EMC, 2013 WL 5701104, at *2 (N.D. Cal. Oct.

16, 2013) (adopting Judge Wright's findings with respect to AF Holdings, Steele, and Hansmeier's

"alter ego relationship, their conduct, and their business model"); *AF Holdings, LLC v.*

*Chowdhury*, Case No. 12-cv-12105-JLT (D. Mass. October 22, 2013), ECF No. 34 (finding AF

Holdings, LLC was "an alias of its counsel, Prenda Law, Inc., its principals, attorneys John L.

Steele, Paul A. Duffy, and Paul R. Hansmeier, and its paralegal, Mark Lutz").

   Based on this information, the Court has no doubt that Duffy, Steele, and Hansmeier are

closely associated and acted in concert to file and prosecute this frivolous lawsuit.   Therefore, Smith's service on Duffy was also effective for Steele and Hansmeier.   As such, Steel and Hansmeier had adequate notice of Smith's motion, and the deadline for response papers, but chose to disregard it.

However, assuming arguendo that Steele and Hansmeier did not have notice or an opportunity to be heard before the Court imposed sanctions, the due process violation was subsequently cured when the Court reheard the issue on November 13 at Steele and Hansmeier's request.   Steele and Hansmeier had ample notice of the November 13 hearing, and they knew that they could sanctioned and ordered to pay Anthony Smith's attorney fees.   The written briefs that Steele and Hansmeier filed in advance of that hearing, and the statements they made at the hearing itself gave them the opportunity to confront the Court's belief that they had engaged in sanctionable conduct and to try to convince the Court that they should not be sanctioned.   "So it was essentially a no-harm, no-foul situation because, generally speaking, 'procedural errors are cured by holding a new hearing in compliance with due process requirements.'"   *In re Hancock*, 192 F.3d 1083, 1086 (7th Cir. 1999), *quoting Batanic v. Immigration and Naturalization Service*, 12 F.3d 662, 667 (7th Cir. 1993) (holding imposition of sanctions was a deprivation of due process, however said deprivation was cured when the court stayed the sanctions order and scheduled another hearing).   *See also Wright v. CompGeeks.com*, 429 F. App'x 693, 698 (10th Cir. 2011); *Powell v. Cadwell*, 42 F. App'x 821, 822 (7th Cir. 2002); *In re Rimsat, Ltd.*, 212 F.3d 1039, 1044 (7th Cir. 2000).

Because Hansmeier and Steele's motions fail to state any grounds for relief within the scope of Rule 60(b), and they were not deprived of due process with respect to the imposition of

sanctions, their motions to vacate or reconsider (Docs. 66, 68) are **DENIED**.

## II.  MOTIONS FOR ATTORNEY FEES

The Court will next address the motions for attorney fees and costs under § 1927 filed by Defendants ComCast and AT&T (Docs. 78, 82).   Under 28 U.S.C. §1927, "any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."   28 U.S.C. § 1927.   The purpose of § 1927 "is to deter frivolous litigation and abusive practices by attorneys, and to ensure that those who create unnecessary costs also bear them."   *Kapco Mfg. Co., Inc. v. C & O Enterprises, Inc.*, 886 F.2d 1485, 1491 (7th Cir. 1989) (internal citations omitted).   While there is no catch-all definition for either 'unreasonably' or 'vexatiously,' the Seventh Circuit has upheld sanctions under this statute when counsel acted recklessly, raised baseless claims despite notice of the frivolous nature of these claims, or otherwise showed indifference to statutes, rules, or court orders.   *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006); *Kotsilieris v. Chalmers,* 966 F.2d 1181, 1184 (7th Cir. 1992).

ComCast and AT&T argue that fees are appropriate here because Plaintiff raised baseless claims against them, despite knowledge those claims were frivolous, in an effort to obtain the discovery that the Illinois Supreme Court had previously thwarted (Docs. 78, 82).   Furthermore, Plaintiff continued to advance its baseless claims until the Court ruled that no discovery would be forthcoming until the motions to dismiss filed by Defendants were ruled on (Docs. 78, 82).   Rather than waiting for the Court's ruling, however, Plaintiff dismissed all of its claims (Docs. 78, 82).

The Court agrees with ComCast and AT&T.   By naming ComCast and AT&T as

Defendants without any valid claims in an attempt to make an end run around the Illinois Supreme Court's denial of discovery, Plaintiff unreasonably and vexatiously multiplied the proceedings in this matter.   Namely, Defendants' attorneys were forced to respond to and appear for a hearing on Plaintiff's emergency motion for expedited discovery, to file various motions to dismiss, to appear for a scheduling and discovery conference, and to file a motion to stay discovery.

The Court also finds that Duffy, Hansmeier, and Steele exhibited a "serious and studied disregard for the orderly process of justice." *Jolly Grp., Ltd. v. Medline Indus., Inc.*, 435 F.3d 717, 720 (7th Cir. 2006), *quoting Pacific Dunlop Holdings, Inc. v. Barosh,* 22 F.3d 113, 119 (7th Cir. 1994).   These men have shown a relentless willingness to lie to the Court on paper and in person, despite being on notice that they were facing sanctions in this Court, being sanctioned by other courts,[2] and being referred to state and federal bars,[3] the United States Attorney in at least two districts,[4] one state Attorney General,[5] and the Internal Revenue Service.[6]   For example, at the November 13 hearing, Hansmeier skirted the Court's direct questions, Steele made feigned protestations, and both flat-out lied about their association with Prenda Law, Inc. in the face of

---

[2] *AF Holdings, LLC v. John Doe(s)*, Case No. 12-cv-1445-JNE-FLN, (D. Minn. November 6, 2013), ECF No. 67 (ordering AF Holdings and Prenda Law to repay settlement money and all attorney fees and costs incurred by defendants); *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW, 2013 WL 1898633, at *5–6 (C.D. Cal. May 6, 2013) (jointly and severally liable for defendant's attorney fees and costs in the amount of $81, 319.72); *AF Holdings, LLC v. Chowdhury*, Case No. 12-cv-12105-JLT (D. Mass. October 22, 2013), ECF No. 34 (jointly and severally liable for defendant's in the amount of $21,393.60, with fees and costs trebled for a total judgment of $64,180.80).

[3] *AF Holdings, LLC v. John Doe(s)*, Case No. 12-cv-1445-JNE-FLN, (D. Minn. November 6, 2013), ECF No. 67; *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW, 2013 WL 1898633, at *5 (C.D. Cal. May 6, 2013)

[4] *AF Holdings, LLC v. John Doe(s)*, Case No. 12-cv-1445-JNE-FLN, (D. Minn. November 6, 2013), ECF No. 67; *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW, 2013 WL 1898633, at *5 (C.D. Cal. May 6, 2013)

[5] *AF Holdings, LLC v. John Doe(s)*, Case No. 12-cv-1445-JNE-FLN, (D. Minn. November 6, 2013), ECF No. 67

[6] *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW, 2013 WL 1898633, at *5 (C.D. Cal. May 6, 2013)

documentary evidence on the record in this case, and their sworn declarations in other cases.[7]

Accordingly, the imposition of attorneys' fees under § 1927 is appropriate here—from the inception of the claims through the present.   *See Overnite Transp. Co. v. Chi. Indus. Tire Co.,* 697 F.2d 789, 794 (7th Cir.1983) (§ 1927 can reach the filing of the complaint where the lawsuit was legally meritless from the outset, and counsel should have known that it was); *Kotsilieris v. Chalmers,* 966 F.2d 1181, 1184–85 (7th Cir. 1992) (§ 1927 sanctions appropriate where counsel pursued baseless claim despite receiving notice that claims were frivolous).

## III.   ITEMIZATIONS OF FEES AND COSTS

For the reasons stated above, and in accordance with the Court's previous order (Doc. 65), Defendants have been awarded reasonable attorney fees and costs under 28 U.S.C. § 1927 for all time expended from the filing of the amended complaint and the removal of the case to federal court in August 2012.

Anthony Smith seeks a total of $72,367.00 in attorney fees and costs (Doc. 90).   This total includes $72,150.40 in attorney fees for 187.2 hours of work done by Smith's attorneys from the time Smith was served with summons in August 2012 through May 2013 (Doc. 90-1).   The hours were billed at a rate of $409.00 per hour for partners Dan Booth and Jason Sweet and $200.00 per hour for (Doc. 90-1).   This total also includes $216.20 in costs (Doc. 90-1).

SBC Internet Services, Inc. d/b/a AT&T Internet Services ("AT&T") seeks a total of $119,637.05 in attorney fees and costs (Doc. 97).   This total includes $870.29 in costs and $38,987.83 in attorney fees for the law firm of Hepler Broom for approximately 158.7 hours of

---

[7] Steele submitted a declaration in the Central District of California swearing that he was "of counsel with the law firm, Prenda Law, Inc." and that Hansmeier was "also of counsel to the firm." *Ingenuity 13 LLC v. John Doe*, Case No. 12-cv-8333-ODW (C.D. Cal. March 8, 2013), ECF No. 83).

work from the time the case was removed to federal court in August 2012 through November 2013 (Doc. 97-1).   The hours were billed at various billing rates ranging from $295.00 to $110.00 per hour (Doc. 97-1).   The total sought by AT&T also includes $864.92 in costs and $80,524.50 in attorney fees for the law firm of Locke Lord, LLP for approximately 215 hours of work from the time the case was removed to federal court in August 2012 through November 2013(Doc. 97-2). The hours were billed at various billing rates ranging from $250 to $555 per hour (Doc. 97-2).

ComCast Cable Communications, LLC seeks a total of $69,021.26 in attorney fees and costs (Doc. 98).   This total includes $806.98 in costs and $57,144.28 in attorney fees for the law firm of Davis Wright Tremaine, LLP ("DWT") for approximately 132 hours of work from the time the case was removed to federal court in August 2012 through April 2013 (Doc. 98-1).   The hours were billed at various billing rates ranging from $531.00 to $212.50 per hour (Doc. 98-1).   This total also includes $11,070.00 in attorney fees for the law firm of Lashley & Baer, P.C. for 36.9 hours of work at a billing rate of $300.00 per hour (Doc. 98-2).

The Court notes that Paul Duffy, Paul Hansmeier, and John Steele had an opportunity to respond, and did respond, to Smith, AT&T, and ComCast's general requests for fees and costs (Docs. 63, 66, 68, 74, 86).   Duffy, Hansmeier, and Steele have not filed responses to the specific itemizations, but having reviewed the itemizations and declarations in support thereof, the Court finds a response is not necessary because no further information is required for this ruling.

After carefully considering the itemizations of fees and costs and the declarations in support thereof submitted by the attorneys for Smith, AT&T, and ComCast, the Court finds the time spent and the amounts charged by Smith, AT&T, and ComCast to be reasonable.   The Court has also carefully considered the interrelationship between Duffy, Hansmeier, and Steele.   The

Court finds, that these men acted in concert throughout the entirety of the proceedings in this matter, share total responsibility for their actions, and are jointly and severally liable for the fees and costs of Defendants.

## CONCLUSION

The motions to vacate, or in the alternative, to reconsider the order granting Anthony Smith's motion for attorney fees filed by Paul Duffy (Doc. 74), Paul Hansmeier (Doc. 66), and John Steele (Doc. 68) are **DENIED.**

The motions for attorney fees and costs filed by Defendants ComCast Cable Communications, LLC (Doc. 78) and SBC Internet Services, Inc. d/b/a AT&T Internet Services (Doc. 82) are **GRANTED**.

It is **ORDERED** that pursuant to 28 U.S.C § 1927, Paul Duffy, Paul Hansmeier, and John Steele are jointly and severally liable, and shall pay within 14 days of this order, attorney fees and costs to Defendant Anthony Smith in the amount of $72,367.00, to AT&T in the amount of $119,637.05, and to ComCast in the amount of $69,021.26 for a total judgment of $261,025.11, with interest as provided by law.

**IT IS SO ORDERED.**

DATED: November 27, 2013


s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge

## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LIGHTSPEED MEDIA CORP.,**

     **Plaintiff,**

**vs.**                    **No.   3:12-cv-889-DRH-SCW**

**ANTHONY SMITH, et al.,**

     **Defendants.**

### MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

     This matter is before the Court on Defendants Anthony Smith ("Smith"), Comcast Cable Communications LLC and Comcast Corporate Representative #1 (together, "Comcast"), and SBC Internet Services, Inc. d/b/a AT&T Internet Services' ("AT&T") (collectively "defendants") joint motion for contempt, or in the alternative, for an order to plaintiff's counsel to show cause why they each should not be held in contempt (Doc. 107).   Plaintiff's counsel Paul Duffy ("Duffy") and Paul Hansmeier ("Hansmeier") responded (Docs. 111, 113).   At the direction of the Court (Docs. 112, 117), defendants filed a reply (Doc. 119).   On February 13, 2014, the Court held a hearing on the issues (Doc. 123).   For the following reasons, the defendants' motion will be **GRANTED.**

### I.   Background

     On December 14, 2011, Lightspeed Media Corporation ("Lightspeed") filed suit in the Circuit Court of the Twentieth Judicial District in St. Clair County.

Lightspeed owns or operates one or more paid-subscription adult entertainment websites.   In its first complaint, Lightspeed alleged that John Doe and more than 6,600 "co-conspirators" had gained unauthorized access to its website.   On December 16, 2011, the circuit court granted an *ex parte* motion for leave to obtain discovery by subpoena, from dozens of Internet Service Providers ("ISPs"), of information personally identifying the defendants.   AT&T and Comcast subsequently filed motions to quash the subpoenas and/or for a protective order. On May 22, 2013, the Illinois Supreme Court directed the circuit court to vacate its order denying the motion to quash.

On August 3, 2012, Lightspeed filed an amended complaint.   Lightspeed contended that Smith accessed content from Lightspeed's password-protected websites without authorization.   Lightspeed asserted that AT&T and Comcast improperly opposed Lightspeed's discovery, failed to act to protect Lightspeed's websites, and conspired with their customers to Lightspeed's detriment. Specifically, Lightspeed alleged 10 Counts: Computer Fraud and Abuse (Count I), Conversion (Count II), Unjust Enrichment (Count III), Unjust Enrichment (Count IV), Count V (Breach of Contract), Civil Conspiracy (Count VI), Civil Conspiracy (Count VII), Illinois Consumer Fraud and Deceptive Practices Act (Count VIII), Aiding and Abetting (Count X).   AT&T removed this action to federal court on August 9, 2012.

Plaintiff thereafter filed an emergency motion for Discovery prior to the Rule 26(f) Conference (Doc. 9) requesting the ISP information.   Judge G. Patrick

Murphy held a hearing on the issue and denied the motion (Doc. 23).   Defendants each filed motions to dismiss (Docs. 26, 28, 36).   Prior to the resolution of the motions to dismiss, Lightspeed entered a notice of voluntary dismissal on March 21, 2013.   Defendants subsequently moved for attorney's fees pursuant to 28 U.S.C. § 1927 (Docs. 61, 78, 82).   Judge Murphy granted Defendant Smith's motion (Doc. 65) and counsel (Duffy, Hansmeier, and John Steele ("Steele")) sought reconsideration of that order (Docs. 66, 68, 74).   On November 13, 2013, Judge Murphy held a hearing on the motions for reconsideration and the motions for attorney's fees by ComCast and AT&T (Doc. 96) in which he deferred ruling.

On November 27, 2013, Judge Murphy denied the motions to vacate, or in the alternative, reconsider the order granting Smith's motion for attorney fees, granted ComCast's and AT&T's motions for attorney's fees, and ordered that pursuant to 28 U.S.C. § 1927, Duffy, Hansmeier, and Steele are jointly and severally liable, and shall pay within 14 days of the order (December 11, 2013), attorney fees and costs to Smith in the amount of $72,367.00, to AT&T in the amount of $119,637.05, and to ComCast in the amount of $69,021.26 for a total judgment of $261,00252.11 with interest as provided by law (Doc. 100).   Duffy, Hansmeier, and Steele filed a notice of Appeal on December 12, 2013.

On December 27, 2013, defendants filed a joint motion for contempt, or in the alternative, for an order to plaintiffs' counsel to show cause why they each should not be held in contempt (Doc. 107).   Plaintiff's counsel Duffy and Hansmeier responded (Doc. 111, 113), Steele filed a motion to stay the sanction's

order (Doc. 114), and, at the direction of the Court (Docs. 112, 118), defendants filed a reply (Doc. 119).

Defendants request 1) an order holding in contempt plaintiffs' counsel Steele, Duffy, and Hansmeier or, in the alternative, 2) an order requiring Duffy, Hansmeier and Steele to show cause why they should not each be held in contempt for their failure to timely comply with the fee order.   In their reply, defendants focus on the contempt.   They specifically request that this Court hold Duffy, Hansmeier and Steele in contempt of Court, and also order them to pay the defendants attorneys' fees incurred in seeking this finding of contempt, along with interest and additional daily fines for each day the sanctioned attorneys fail to make any and all payment(s) ordered.

Plaintiff's counsels' responses assert three points: (1) defendants have not submitted any evidence regarding compliance (Doc. 113 at 2), (2) the order is a money judgment and therefore not properly enforceable through contempt proceedings (Doc. 111 at 3-5; Doc. 113 at 2-4), and (3) defendants have otherwise failed to establish the elements of civil contempt (Doc. 111 at 5-6).   Hansmeier further asserts that in the alternative, the Court should grant plaintiff's counsel leave to seek a stay of the November 27, 2013 order (Doc. 113 at 4-6).

The Court held a hearing on defendants' motion for contempt on February 13, 2014 (Doc. 124).   During the proceedings, plaintiff's counsel admitted on the record to noncompliance, each stating that they had not paid the sanction amount to defendants or otherwise sought a supersedeas bond.   The Court also addressed

plaintiff's counsels' argument that the Court should consider the sanctions order as a money judgment, concluding that the Court's order was not a money judgment but instead a sanctions order. The Court deferred ruling on the motion for contempt and directed plaintiff's counsel to file asset statements from a certified public accountant on or before February 24, 2014. The Court also considered Steele's motion to stay (Doc. 114) and heard arguments from the parties. The Court denied Steele's motion to stay on the record and addressed and similarly dismissed Hansmeier's stay request (Doc. 124).

## II.    Analysis

### A.    Civil Contempt

Federal courts have both inherent and statutory authority to punish for contempt and to coerce compliance with their orders. *International Union, UMWA v. Bagwell*, 512 U.S. 821, 831-833 (1994). To prevail on a request for a contempt finding, the moving party must establish by clear and convincing evidence that: (1) a court order sets forth an unambiguous command; (2) the alleged contemnor violated that command; (3) the violation was significant, meaning the alleged contemnor did not substantially comply with the order; and (4) the alleged contemnor failed to make a reasonable and diligent effort to comply. *S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010).

There is no debate as to whether plaintiff's counsel significantly violated Judge Murphy's November 27, 2013 order (hereinafter "Sanctions Order"). As previously indicated, plaintiff's counsel has not made a single payment.

Furthermore, Duffy, Hansmeier, and Steele failed to make a reasonable and diligent effort to comply with the Sanctions Order.   While Steele filed a motion to stay the Sanctions Order, this motion was not accompanied by a supersedeas bond and was filed untimely.   *See* Fed. R. Civ. P. 62(d).

The key issue here is whether the Sanctions Order was "an unambiguous command."   Plaintiff's counsel asserted that the Sanctions Order is a money judgment, not an equitable decree.   At the show cause hearing, the Court held that the Sanctions Order was an equitable decree, specifically a sanctions order. However, plaintiff's counsel argues that this confusion is the primary reason they did not comply with the Sanctions Order.   The Court finds this argument disingenuous.   Seventh Circuit case law is quite clear.   *See Cleveland Hair Clinic, Inc. v. Puig*, 106 F.3d 165, 166 (7th Cir. 1997) ("Use of contempt power is an appropriate way to enforce a sanction for misconduct, which is not an ordinary money judgment.")   Furthermore, if plaintiff's counsel was confused, they could have filed a motion to clarify with Judge Murphy.

**B.      Inability to Pay**

At the show cause hearing, plaintiff's counsel emphatically indicated an inability to pay.   Specifically, "I can't pay what I don't have" (Show Cause Hr'g Tr. 22:16-17 (Hansmeier)).   Also, "[I]t's extremely important because if the Court issues sanction order for, I don't know, a billion dollars, we can't pay it.   And I don't believe that there's any case law to establish that – there's not a debtor's prison.   I mean if we can't pay it, we can't pay it" (Show Cause Hr'g Tr. 19:10-15

(Steele)).   Plaintiff's counsel again pointed to their confusion over the nature of the Sanctions Order as the reason why they had not yet supplied the Court with their financial information.   The Court therefore directed plaintiff's counsel to provide asset statements prepared by a certified public accountant on or before February 24, 2014.   Plaintiff's counsel timely submitted financial condition statements to the Court *in camera*.

"Inability to pay is a valid defense in a contempt proceeding, but the party raising the defense has the burden of proving its inability to pay." *In re Re. Tech. Corp.*, 624 F.3d 376, 387 (7th Cir. 2010) (citing *United States v. Rylander*, 460 U.S. 752, 757 (1983)).   In the case where there has been no attempt to comply with the Court's order, plaintiff's counsel must show a "complete inability to pay." *Id.* Plaintiff's counsel, "stated differently, . . . [has] the burden of establishing clearly, *plainly*, and *unmistakably* that compliance is *impossible*." *Id.* (internal citations and quotations omitted) (emphasis in original).

The Court finds that plaintiff's counsel has not met its burden.   They submitted incomplete, and to say the least suspicious, statements of financial condition.   Attached to each statement was a letter from their certified public accountant ("CPA").   In these letters, the CPA indicates a departure from generally accepted accounting principles.   He further notes that plaintiff's counsel elected to omit substantially all of the disclosures required by generally accepted accounting principles.   The Court finds these statements insufficient to establish plaintiff's counsel's inability to pay.

Plaintiff's counsel significantly violated an unambiguous order of the Court. They also failed meet their burden regarding their inability to pay defense. Accordingly, the Court finds plaintiff's counsel Paul Duffy, Paul Hansmeier, and John Steele in civil contempt and defendants' joint motion for contempt (Doc. 107) is **GRANTED.**

### C.    Civil Contempt Sanction

"Sanctions for civil contempt are designed either to compel the contemnor into compliance with an existing court order or to compensate the complainant for losses sustained as a result of the contumacy."   *U.S. v. Dowell*, 257 F.3d 694, 699 (7th Cir. 2001).   Remedial sanctions compensate the complainant for his losses caused by the contemptuous conduct.   *Id.*   Coercive sanctions aim to coerce the contemnor's compliance with a court order.   *Id.*   A coercive sanction must afford the contemnor the opportunity to "purge", to avoid punishment by complying with the order.   *Id.*   The factors to be considered by the court in imposing a civil contempt sanction include: (1) Harm from noncompliance, (2) Probable effectiveness of the sanction, (3) Contemnor's financial resources and the burden the sanctions may impose; and (4) Contemnor's willfulness in disregarding the court's order.   *United States v. United Mine Workers of America*, 330 U.S. 258, 303-304 (1947).

The Court must "consider the character and magnitude of the harm threatened by continued contumacy . . . ."   *Id.* at 304.   As to the character of the harm, the Court finds that plaintiff's counsel *wilfully* violated the Sanctions Order.

Plaintiff's attorneys have made no effort to comply.   In fact, until defendants filed the current contempt motion, plaintiff's counsel had not addressed the Court regarding the Sanctions Order, merely filing a notice of appeal.   While a violation need not be willful for the Court to impose civil contempt sanctions, willfulness inherent in the contemptuous act is a major consideration in determining the appropriate sanctions.   *McComb v. Jacksonville Paper Co.*, 336 U.S. 187, 191 (1949) ("The absence of willfulness does not relieve from civil contempt"); *Weitzman v. Stein*, 98 F.3d 717, 719 (2d Cir. 1996); *Stotler and Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir. 1989); *In re Federal Facilities Reality Trust,* 227 F.2d 657, 658 (7th Cir. 1955).

The Court also finds the magnitude of harm significant.   As indicated in the Sanctions Order, this case is "baseless" (Doc. 100 at 9).   Judge Murphy ordered sanctions for attorney's fees and costs because plaintiff "unreasonably and vexatiously multiplied the proceedings in this matter" (Doc. 100 at 10).   Plaintiff's counsel's failure to address the Sanctions Order further multiplies the proceedings. Not only is the magnitude of the harm significant in financial terms for the defendant in added attorney's fees and costs of the contempt motion but also in regards to the integrity of the Court.   The Court again notes that plaintiff's counsel made no effort to comply with the order to address the Court.   Also, the Court cannot ignore the behavior of plaintiff's counsel before the undersigned at the show cause hearing.   While the Court was unable to nail down any specific lies due, in significant part, to plaintiff's counsel excellent "attorney speak", the

misrepresentations and half-truths presented indicate plaintiff's counsel's clear disrespect of the Court.[1]   Furthermore, as the Court indicated at the hearing in regards to Steele's motion to stay, "[W]ith respect to talking about the community, the community has to worry about lawyers who file unreasonable and vexatious claims.   That's where the harm to the community is . . . .   The community is worried about lawyers, worried about lawyers that file these kind[s] of lawsuits.   So if, in fact, Judge Murphy is right – and for the time being until the Seventh Circuit says something differently, I have to assume he is – the community is worried about guys like you" (Show Cause Hr'g Tr. 38:6-15).

The Court is also directed to review plaintiff's counsel's financial resources. *United Mine Workers of Am.*, 330 U.S. at 304 ("[A] court which has returned a conviction for contempt must, in fixing the amount of a fine to be imposed . . . as a means of securing future compliance, consider the amount of [the party's] financial resources and the consequent seriousness of the burden to that particular [party].") As previously discussed, the Court has taken into consideration plaintiff's counsel's

---

[1] For example, in the show cause hearing, the parties addressed plaintiff's counsel's financial means.   The Court specifically asked why plaintiff's counsel had not yet submitted their financial information to the Court.   Hansmeier indicated that he had not provided this information as of yet because they were unsure as to whether the Court was going to rule the order a sanction's order or a money judgment.   Again, Hansmeier indicated "I can't pay what I don't have."   Bart Huffman, Attorney for AT&T, then indicated that plaintiff's counsel had mentioned that they have made millions of dollars.   Steele objected to this characterization, and asked Mr. Huffman to indicate where he would have publically touted making millions of dollars.   Mr. Huffman responded that he believed there was an article in FORBES. To which Mr. Steele responded, "No, absolutely, I never did, and I resent being told that I've said something that's not true.   If Mr. Huffman would like to present something that I personally made money of a certain amount, feel free, but it will never come, Your Honor" (Show Cause Hr'g Tr. 23:16-20).   After a quick Google search, the Court quickly comes across the following article: Kashmir Hill, *How Porn Copyright Lawyer John Steele Has Made A 'Few Million Dollars' Pursuing (Sometimes Innocent) 'Porn Pirates,'* FORBES, Oct. 15, 2012, *available at* http://www.forbes.com/sites/kashmirhill/2012/10/15/how-porn-copyright-lawyer-john-steele-justifies-his-pursuit-of-sometimes-innocent-porn-pirates/.   Therein, Mr. Steele states in response to the article's author suggestion that he has made $15 million settling these suits, "Maybe a little less. We don't track the amount we've recovered.   More than a few million."   The Court notes that while it is true this is not a "certain amount", it is disingenuous to imply destitution given the statement and, at the very least, the Court deserved a full, truthful explanation of the statement.

ability to pay.  The Court also now takes judicial notice of the same attorneys' ability to post a $101,650.00 supersedeas bond, Supersedeas Undertaking for Appeal, *Ingenuity 13 LLC v. John Doe*, No. 2:12-cv-08333-ODW-JCx (C.D. Cal. May 23, 2013), ECF No. 174, as well as their subsequent ability to post an additional bond in the amount of $135,933.66, Supersedeas Undertaking, *Ingenuity 13 LLC v. John Doe*, No. 2:12-cv-08333-ODW-JCx (C.D. Cal. July 23, 2013), ECF No. 229.  Plaintiff's counsel clearly had the ability to pay in those instances and they failed to provide the Court with the information it needed in order to adequately make an accurate assessment regarding their current ability to pay.

As a preliminary matter, the Court **DIRECTS** plaintiff's counsel to pay interest on the sanction amounts pursuant to the Sanctions Order as provided by law.   For clarification, the Court interprets this provision of the Sanctions Order as follows.   The Court will apply the federal interest rate as contemplated in 28 U.S.C. § 1961, 18 U.S.C. § 3612, and 40 U.S.C. § 258(e)(1).   These sections direct the Court to compute interest from the first day on which the defendant is liable for interest at a rate equal to the weekly average 1-year constant maturity Treasury yield for the calendar week preceding the first day on which the defendant is liable for interest.   Plaintiff's counsel became liable for interest on December 11, 2013. Therefore the .13% interest rate from the week ending December 6, 2013 will apply. Plaintiff's counsel is responsible for the entire time period from the date of liability to the date of compliance, including those days during which this motion was

pending.

The Court believes that both coercive and remedial sanctions are warranted in this case.   *See United Mine Workers of Am.*, 330 U.S. at 302-303; *Shakman v. Democratic Organization of Cook County*, 533 F.2d 344, 349 (7th Cir. 1976); *Dowell*, 257 F.3d at 699.   The Court has determined this to be the most effective way to ensure compliance with the Sanctions Order and to uphold the integrity of the Court.

The Court sanctions plaintiff's attorneys in the amount of 10% of the original sanction amounts equally divided among Duffy, Steele, and Hansmeier.   This sanction is to be paid to the defendants as follows: $7,236.70 to Smith, $11,963.75 to AT&T, and $6,902.13 to ComCast, for a total amount of $26,102.58.   This remedial sanction contemplates the attorney's fees and costs incurred by defendants during the course of litigating this contempt motion.   The Court acknowledges that a lodestar calculation is traditionally used.   However, requiring defense counsel to provide billing statements would most certainly cause delay and further litigation thereby negating the goals of this order and only further harming the defendants.   The previous clarification regarding interest does not apply to this sanction.

Finally, plaintiff's counsel shall comply with the Sanctions Order and this order within 7 days, on or before March 31, 2014.   Compliance is construed by the Court as follows.   Plaintiff's counsel may make payment to all of the defendants of the ordered amounts in full.   Plaintiff's counsel may also file a motion to stay and

accompanying supersedeas bond of the full amount.   Fed. R. Civ. P. 62(d).   Bonds

or payments of partial amounts will not be considered compliance with this Court's

order.   Failure to comply with this order in that timeframe shall result in a $500

per day per attorney fine for up to 30 days.   After 30 days, this amount shall

increase to $1,000 per day per attorney.

The Court notes that defendant, Smith filed a "Renewed Motion for

Contempt" on March 20, 2014, as the Court was finishing up the final draft of this

order.   The Court will consider that motion as a motion for an additional sanction

for contempt since it relates directly to representations made in Court and in the

financial statements by plaintiff's counsel.   Counsel, Steele, Duffy and Hansmeier,

shall respond to the March 20 motion, no later than April 20, 2014.   Upon

reviewing those responses, the Court will consider whether to require another

hearing and the range of sanctions that it may be considering, if any.

**IT IS SO ORDERED.**

Digitally signed
by David R.
Herndon
Date: 2014.03.24
13:04:51 -05'00'

**Chief Judge**
**United States District Court**

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

|  |  |
|---|---|
| **LIGHTSPEED MEDIA CORP.,** | Civ. No. 12-889-DRH |
| *Plaintiff,* |  |
| *v.* | **MOTION OF JOHN STEELE, PAUL DUFFY AND PAUL HANSMEIER FOR STAY PENDING APPEAL AND FOR APPROVAL OF FORM OF SUPERSEDEAS BOND** |
| **ANTHONY SMITH, et al.,** |  |
| *Defendants.* |  |

# INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 62(d), John Steele, Paul Duffy and Paul Hansmeier (jointly, "Movants") respectfully request that the Court stay its order adjudging them to be in contempt, pending appellate review of that order. Further, Movants request that the Court approve the form of the attached supersedeas bond as security for the appeal in compliance with the mandates of the contempt order.

# ARGUMENT

### I.     The Court Should Stay the Contempt Order Pending Appellate Resolution of the Order.

The Seventh Circuit has looked to the following factors in deciding whether to grant a motion for stay pending appeal: (1) whether the movant has shown a likelihood of success; (2) whether the movant has shown a likelihood of irreparable

injury absent a stay; (3) whether a stay would substantially harm other parties to the litiation; and (4) the public interest. *Glick v. Koenig*, 766 F.2d 265, 269 (7th Cir. 1985); *accord Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). "These factors are not prerequisites that must be met, but are interrelated considerations that must be balanced together." *Mich. Coal of Radioactive Materials Users, Inc. v. Griepentrog*, 945 F.2d 150, 153 (6th Cir. 1991); *see also Roland Mach. Co. v. Dresser Indus., Inc.*, 749 F.2d 380, 387 (7th Cir. 1984) ("The more likely the plaintiff is to win, the less heavily need the balance of harms weigh in his favor …"). As demonstrated below, all four factors weigh in favor of a stay.

This Court should stay the contempt order pending the Seventh Circuit's resolution of Movants' appeal. *First*, Movants have a strong likelihood of success on the merits of their appeal; *Second*, denial of the stay would irreparably harm Movants in light of the serious reputational and financial harm that would be imposed absent a stay. *Third*, the brief period needed to resolve the appeal will not prejudice the Defendants in any meaningful way. *Finally*, the heavy Constitutional issues implicated by contempt order weigh in favor of resolving the Movant's appeal before allowing the contempt to proceed.

### A.    Movants Have A Strong Likelihood of Success on the Merits.

Movants respectfully submit that several assignments of error support reversal of the contempt order. *First*, this Court relied on an *ex parte* Google search, rather than CPA-prepared financial statements, to determine that Movants made "misrepresentations" to the Court regarding their ability to pay the sanctions order.

As an initial matter, the blog-post cited by the Court had no probative value with respect to Movants Duffy or Hansmeier regarding the ability of either of these men to pay the sanctions order. Indeed, it had little-to-no probative value with respect to Steele's ability to do the same. For good reason, appellate courts consistently rebuke district courts that embark on *ex parte* "evidence" gathering.

*Second*, the Court over-read the holding in *Cleveland Hair Clinic, Inc. v. Puig*, 106 F.3d 165 (7th Cir. 1997), as suggesting that district courts lack the discretion to impose sanctions under 28 U.S.C. § 1927 in the form of money judgments, rather than equitable decrees. Nothing in *Cleveland Hair Clinic* supports this conclusion. Relatedly, the Court erred by holding that an order imposing a "judgment" with "interest provided by law" was a "clear and unambiguous" equitable decree.

*Third*, and most plainly, the "10%" approach adopted by the Court resulted in the imposition of criminal sanctions. *See Int'l Union, United Mine Workers of Am. v. Bagwell*, 512 U.S. 821, 829 (1994) (holding that "[a] flat unconditional fine totaling as little as $50 announced after a finding of contempt … [where] the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance" is a criminal contempt sanction). Yet, the Court did not afford Movants criminal due process protections. On appeal, this Court's "subjective intent" will not be afforded any weight. *Id.* at 828.

While Movants acknowledge that the Court will disagree with their assignments of error, they respectfully submit that these assignments, and in particular the imposition of criminal sanctions, are rooted in nearly one century's-worth of Supreme Court precedent.

### B.     The Balance of Equities Supports a Stay.

The balance of equities plainly favors a stay. For their part, Movants will suffer crushing monetary penalties and irreparable reputational injuries absent a stay. On the other hand, if a stay is granted, the Defendants will simply have to wait a short time to determine whether the contempt order is upheld on appeal.

### C.     The Public Interest Supports a Stay.

The public has an extraordinarily strong interest, dating back to the passage of the Bill of Rights, to ensuring that government officials refrain from imposing criminal penalties without affording corresponding due process protections. This interest strongly supports a stay.

### II.     The Court Should Approve the Proposed Form of Bond.

In compliance with the contempt order, a supersedeas bond has been arranged. Movants respectfully request the Court to approve the form of bond attached hereto, with the provision that "Appellants" will be defined in the bond as Appellant John Steele, as submitted in compliance with the Court's contempt order. Upon approval by the Court, the surety will submit the bond to the Court for filing within three business days.

Dated: March 31, 2014


/s/ Paul Duffy (with consent)                    /s/ Paul Hansmeier
Paul Duffy                                       Paul Hansmeier
2 N. LaSalle Street, 13th Floor                  80 S. 8th St. Ste 900
Chicago, IL 60602                                Minneapolis, MN 55402
312-952-6136                                     612-234-5744



/s/ John Steele (with consent)
John Steele
1111 Lincoln Road, Suite 400
Miami Beach, FL 33139
786-571-8131

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

LIGHTSPEED MEDIA CORP.      )
                    *Plaintiff* )
                            )
                            )      **SUPERSEDEAS BOND**
v.                            )
                            )
                            )      Case No.   3:12-CV-889-DRH-SCW
                            )
ANTHONY SMITH, ET AL.,     )
                 *Defendants* )

WHEREAS, the Appellants have requested the Court accept Appellant's supersedeas bond in the above entitled action, staying execution of judgment pending hearing of further motion(s) or pleading(s) by the Appellant.

Now, therefore UNITED STATES FIRE INSURANCE COMPANY, as Surety does hereby and pursuant to federal law, undertake that the Appellants will pay to the Defendant(s) or to party(ies) as named by the Court, not exceeding the sum of TWO HUNDRED EIGHT SEVEN THOUSAND THREE HUNDRED AND 0/100S DOLLARS ($287,300.00) for such damages and/or costs as the Court may direct.

This ____ day of _____, 2014.

                       United States Fire Insurance Co.
                       U.S. TREASURY (NAIC) #21113

                       _____
                       C. Poindexter, Attorney-in-Fact
                       Illinois Insurance Lic. #2458419

CM/ECF - U.S. District Court:ilsd                                                                    Page 1 of 21

Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 23 of 43   Page ID #3477
Case: 14-1682      Document: 1-1      Filed: 04/01/2014      Pages: 56

APPEAL,CJRA_B,KBL

# U.S. District Court
## Southern District of Illinois (East St. Louis)
## CIVIL DOCKET FOR CASE #: 3:12-cv-00889-DRH-SCW
## Internal Use Only

| | |
|---|---|
| Lightspeed Media Corporation v. Smith et al | Date Filed: 08/09/2012 |
| Assigned to: Chief Judge David R. Herndon | Date Terminated: 03/22/2013 |
| Referred to: Magistrate Judge Stephen C. Williams | Jury Demand: Plaintiff |
| Case in other court:  St. Clair County, Illinois, 11-L-683 | Nature of Suit: 890 Other Statutory |
| USCA-7, 13-03801 | Actions |
| Cause: 28:1446 Petition for Removal | Jurisdiction: Federal Question |

**Plaintiff**

**Lightspeed Media Corporation**  represented by  **Paul A. Duffy**
Prenda Law, Inc.
161 N. Clark Street, Suite 3200
Chicago, IL 60601
312-880-9160
Email: paduffy@wefightpiracy.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**John L. Steele**
Steele Hansmeier PLLC
161 North Clark Street
Suite 4700
Chicago, IL 60601
312-880-9160
Fax: 312-893-5677
Email: johnlsteele33140@gmail.com
*TERMINATED: 03/07/2013*

**Kevin T. Hoerner**
Becker, Paulson et al.
Generally Admitted
5111 West Main Street
Belleville, IL 62226
618-235-0020
Email: KTH@bphlaw.com
*TERMINATED: 11/06/2013*

**Paul Hansmeier**
Alpha Law Firm
80 South 8th Street
Ste 900
Minneapolis, MN 55402

CM/ECF - U.S. District Court:ilsd                                           Page 2 of 21
Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 24 of 43   Page ID #3478
                    Case: 14-1682    Document: 1-1    Filed: 04/01/2014    Pages: 56

651-399-1583
Email: prhansmeier@thefirm.mn
*TERMINATED: 11/15/2012*
*ATTORNEY TO BE NOTICED*

V.

**Consol Plaintiff**

**Mr. John Steele**                    represented by   **John L. Steele**
                                                        (See above for address)
                                                        *ATTORNEY TO BE NOTICED*

V.

**Petitioner**

**Paul Hansmeier**                     represented by   **Paul Hansmeier**
                                                        PRO SE

                                                        **Paul Hansmeier**
                                                        (See above for address)
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Anthony Smith**                      represented by   **Daniel G. Booth**
                                                        Booth Sweet LLP
                                                        32R Essex Street
                                                        Cambridge, MA 02139
                                                        617-250-8602
                                                        Fax: 617-250-8883
                                                        Email: dbooth@boothsweet.com
                                                        *LEAD ATTORNEY*
                                                        *ATTORNEY TO BE NOTICED*

                                                        **Jason E Sweet**
                                                        Booth Sweet LLP
                                                        32R Essex Street
                                                        Cambridge, MA 02139
                                                        617-250-8602
                                                        Fax: 617-250-8883
                                                        Email: jsweet@boothsweet.com
                                                        *ATTORNEY TO BE NOTICED*

                                                        **John D. Seiver**
                                                        Davis Wright Tremaine LLP
                                                        1919 Pennsylvania Avenue, NW
                                                        Suite 800

CM/ECF - U.S. District Court:ilsd                                    Page 3 of 21
Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 25 of 43   Page ID #3479
Case: 14-1682   Document: 1-1   Filed: 04/01/2014   Pages: 56

|                         |               | Washington, DC 20006 |
|                         |               | 202-973-4200 |
|                         |               | Fax: 202-973-4412 |
|                         |               | Email: johnseiver@dwt.com |
|                         |               | *ATTORNEY TO BE NOTICED* |

**Defendant**

**SBC Internet Services, Inc.**            represented by    **Bart Westcott Huffman**
*doing business as*                                          Locke Lord LLP - Austin
AT&T Internet Services                                       100 Congress Avenue
                                                            Suite 300
                                                            Austin, TX 78701
                                                            512-305-4746
                                                            Fax: 512-391-4741
                                                            Email: bhuffman@lockelord.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **John D. Seiver**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Troy A. Bozarth**
                                                            HeplerBroom LLC - Edwardsville
                                                            130 North Main Street
                                                            P.O. Box 510
                                                            Edwardsville, IL 62025
                                                            618-656-0184
                                                            Fax: 618-656-1364
                                                            Email: troy.bozarth@heplerbroom.com
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**AT&T Corporate Represenative #1**        represented by    **Bart Westcott Huffman**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

**Defendant**

**ComCast Cable Communications,**          represented by    **Andrew G. Toennies**
**LLC**                                                      Lashly & Baer PC
                                                            714 Locust Street
                                                            St. Louis, MO 63101
                                                            314-436-8347
                                                            Fax: 314-621-6844
                                                            Email: atoennies@lashlybaer.com
                                                            *ATTORNEY TO BE NOTICED*

                                                            **John D. Seiver**
                                                            (See above for address)
                                                            *ATTORNEY TO BE NOTICED*

CM/ECF - U.S. District Court:ilsd                                    Page 4 of 21

Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 26 of 43   Page ID #3480
Case: 14-1682      Document: 1-1      Filed: 04/01/2014      Pages: 56

**Defendant**

**ComCast Corporate Representative #1**     represented by   **Andrew G. Toennies**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John D. Seiver**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Movant**

**Paul Duffy**     represented by   **Paul Duffy**
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 08/09/2012 | 1 | Case Opened. Documents may now be electronically filed. Case number 12-cv-889-WDS/SCW must be placed on all documents prior to filing them electronically. (Attachments: # 1 Consent to Proceed before a Magistrate Judge)(jlrr ) (Entered: 08/09/2012) |
| 08/09/2012 | 2 | NOTICE OF REMOVAL by SBC Internet Services, Inc. from St. Clair County, case number 11-L-683. ( Filing fee $ 350 receipt number 0754-1755201) (Attachments: # 1 Civil Cover Sheet, # 2 Exhibit A-1 A-1 First Amended Complaint, # 3 Exhibit A-2 Original Complaint, # 4 Exhibit A-3 Order granting leave to file, # 5 Exhibit B (1 of 23), # 6 Exhibit B (2 of 23), # 7 Exhibit B (3 of 23), # 8 Exhibit B (4 of 23), # 9 Exhibit B (5 of 23), # 10 Exhibit B (6 of 23), # 11 Exhibit B (7 of 23), # 12 Exhibit B (8 of 23), # 13 Exhibit B (9 of 23), # 14 Exhibit B (10 of 23), # 15 Exhibit B (11 of 23), # 16 Exhibit B (12 of 23), # 17 Exhibit B (13 of 23), # 18 Exhibit B (14 of 23), # 19 Exhibit B (15 of 23), # 20 Exhibit B (16 of 23), # 21 Exhibit B (17 of 23), # 22 Exhibit B (18 of 23), # 23 Exhibit B (19 of 23), # 24 Exhibit B (20 of 23), # 25 Exhibit B (21 of 23), # 26 Exhibit B (22 of 23), # 27 Exhibit B (23 of 23))(Bozarth, Troy) (Entered: 08/09/2012) |
| 08/09/2012 | 3 | Corporate Disclosure Statement by SBC Internet Services, Inc.. (Bozarth, Troy) (Entered: 08/09/2012) |
| 08/13/2012 | 4 | CONSENT to Removal byComCast Corporate Representative #1, ComCast Cable Communications, LLC. (Toennies, Andrew) (Entered: 08/13/2012) |
| 08/13/2012 | 5 | DISCLOSURE OF INTERESTED PARTIES *Corporate Disclosure Statement* by ComCast Cable Communications, LLC, ComCast Corporate Representative #1.(Toennies, Andrew) (Entered: 08/13/2012) |
| 08/14/2012 | 6 | ORDER OF RECUSAL. Judge William D. Stiehl recused. Case reassigned to Judge G. Patrick Murphy for all further proceedings. Signed by Judge William D. Stiehl on 8/14/2012. (bjw) (Entered: |

CM/ECF - U.S. District Court:ilsd                                      Page 5 of 21
Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 27 of 43   Page ID #3481
Case: 14-1682       Document: 1-1       Filed: 04/01/2014       Pages: 56

| | | |
|---|---|---|
| | | 08/14/2012) |
| 08/14/2012 | 7 | NOTICE of Appearance by Andrew G. Toennies on behalf of ComCast Cable Communications, LLC (Toennies, Andrew) (Entered: 08/14/2012) |
| 08/16/2012 | 8 | NOTICE of Appearance by Andrew G. Toennies on behalf of ComCast Corporate Representative #1 (Toennies, Andrew) (Entered: 08/16/2012) |
| 08/16/2012 | 9 | Emergency MOTION for Discovery *Prior to the Rule 26(f) Conference* by Lightspeed Media Corporation. (Attachments: # 1 Exhibit Declaration, # 2 Exhibit Judge Howell Order, # 3 Exhibit Complaint, # 4 Exhibit Order Granting Discovery, # 5 Exhibit Motion to Quash, # 6 Exhibit Order Denying Motion to Quash, # 7 Exhibit Motion to Stay, # 8 Exhibit Order Denying Motion to Stay, # 9 Exhibit Motion for Supervisory Order, # 10 Exhibit Order Granting Motion, # 11 Exhibit Amended Complaint, # 12 Exhibit Cease and Desist Letter)(Duffy, Paul) (Entered: 08/16/2012) |
| 08/17/2012 | 10 | ORDER Setting Hearing on Motion 9 Emergency MOTION for Discovery. Motion Hearing set for 8/20/2012 03:00 PM in East St. Louis Courthouse before Judge G. Patrick Murphy. Signed by Judge G. Patrick Murphy on 8/17/2012. (ktc)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/17/2012) |
| 08/17/2012 | 11 | ENTRY STRICKEN - NOTICE of Appearance by Paul A. Duffy on behalf of Lightspeed Media Corporation (Duffy, Paul) Modified on 8/20/2012 (jaj). (Entered: 08/17/2012) |
| 08/17/2012 | 12 | MOTION to Appear Pro Hac Vice by AttorneyBart Westcott Huffman $100 fee paid,receipt number 0754-1761679 by on behalf of AT&T Corporate Represenative #1, SBC Internet Services, Inc.. (Huffman, Bart) (Entered: 08/17/2012) |
| 08/20/2012 | 13 | ENTRY STRICKEN - MOTION to Appear Pro Hac Vice *by Attorney John D. Seiver* by AttorneyAndrew G. Toennies $100 fee paid,receipt number 0754-1762199 by on behalf of ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Toennies, Andrew) Modified on 8/20/2012 (jaj). (Entered: 08/20/2012) |
| 08/20/2012 | 14 | RESPONSE in Opposition re 9 Emergency MOTION for Discovery *Prior to the Rule 26(f) Conference*Emergency MOTION for Discovery *Prior to the Rule 26(f) Conference*Emergency MOTION for Discovery *Prior to the Rule 26(f) Conference* filed by SBC Internet Services, Inc.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Bozarth, Troy) (Entered: 08/20/2012) |
| 08/20/2012 | 15 | ENTRY STRICKEN - MOTION to Appear Pro Hac Vice by AttorneyPaul A. Duffy $100 fee paid,receipt number 0754-1762255 |

CM/ECF - U.S. District Court:ilsd                                    Page 6 of 21

Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 28 of 43   Page ID #3482
Case: 14-1682        Document: 1-1        Filed: 04/01/2014        Pages: 56

| | | by on behalf of Lightspeed Media Corporation. (Duffy, Paul) Modified on 8/20/2012 (jaj). (Entered: 08/20/2012) |
| --- | --- | --- |
| 08/20/2012 | 16 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 11 Notice of Appearance filed by Lightspeed Media Corporation. See attached document for specifics (jaj) (Entered: 08/20/2012) |
| 08/20/2012 | 17 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 13 Motion to Appear Pro Hac Vice, filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. See attached document for specifics (jaj) (Entered: 08/20/2012) |
| 08/20/2012 | 18 | ORDER granting 12 Motion to Appear Pro Hac Vice for attorney Bart W. Hoffman on behalf of Defendants SBC Internet Services, Inc and AT&T Corporate Representative No 1 on 8/20/2012. (jaj) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/20/2012) |
| 08/20/2012 | 19 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 15 Motion to Appear Pro Hac Vice filed by Lightspeed Media Corporation. See attached document for specifics (jaj) (Entered: 08/20/2012) |
| 08/20/2012 | 20 | NOTICE of Appearance by John L. Steele on behalf of Lightspeed Media Corporation (Steele, John) (Entered: 08/20/2012) |
| 08/20/2012 | 21 | MOTION to Appear Pro Hac Vice by AttorneyPaul Hansmeier by on behalf of Lightspeed Media Corporation. (Hansmeier, Paul) (Entered: 08/20/2012) |
| 08/20/2012 | 22 | MOTION to Appear Pro Hac Vice by AttorneyJohn D. Seiver by on behalf of ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Attachments: # 1 Certificate of Good Standing)(Seiver, John) (Entered: 08/20/2012) |
| 08/20/2012 | 23 | Minute Entry for proceedings held before Judge G. Patrick Murphy: Motion Hearing held on 8/20/2012. DENYING 9 Emergency MOTION for Discovery Prior to the Rule 26(f) Conference filed by Lightspeed Media Corporation. (Court Reporter Molly Clayton.) (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 08/20/2012) |
| 08/21/2012 | 24 | ORDER granting 21 Motion to Appear Pro Hac Vice for attorney Paul Hansmeier on behalf of Plaintiff Lightspeed Media Corporation on 8/21/2012. (jaj) (Entered: 08/21/2012) |
| 08/21/2012 | 25 | ORDER granting 22 Motion to Appear Pro Hac Vice for Attorney John Seiver for Defendants ComCast Cable Communications LLC and ComCast Corporate Representative #1 on 8/21/2012. (jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER |

CM/ECF - U.S. District Court:ilsd                                    Page 7 of 21
Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 29 of 43   Page ID #3483
Case: 14-1682        Document: 1-1        Filed: 04/01/2014        Pages: 56

| | | |
|---|---|---|
| | | DOCUMENTATION WILL BE MAILED. (Entered: 08/21/2012) |
| 08/29/2012 | 26 | MOTION to Dismiss for Failure to State a Claim by SBC Internet Services, Inc.. Responses due by 10/1/2012 (Bozarth, Troy) (Entered: 08/29/2012) |
| 08/29/2012 | 27 | MEMORANDUM in Support re 26 MOTION to Dismiss for Failure to State a Claim filed by SBC Internet Services, Inc.. (Bozarth, Troy) (Entered: 08/29/2012) |
| 08/29/2012 | 28 | MOTION to Dismiss *Plaintiff's First Amended Complaint* by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. Responses due by 10/1/2012 (Attachments: # 1 Comcast's Memorandum of Law in Support of Its Motion to Dismiss Plaintiff's First Amended Complaint, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C)(Seiver, John) (Entered: 08/29/2012) |
| 08/30/2012 | 29 | Transcript of MOTION FOR DISCOVERY held on 08/20/2012, before Judge G. Patrick Murphy. Court Reporter Molly N. Clayton, (618)482.9226. <br><br>**NOTICE: The parties have seven (7) business days to file with the Court a Notice of Intent to Request Redaction of this transcript. If no such Notice is filed, the transcript will be made remotely electronically available to the public without redaction after 90 calendar days. This policy is located on our website at www.ilsd.uscourts.gov/Forms/CMECFTranscriptPolicy.pdf.**<br><br>Transcript may be viewed at the court public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 9/20/2012. Redacted Transcript Deadline set for 10/1/2012. Release of Transcript Restriction set for 11/28/2012. (mnc) (Entered: 08/30/2012) |
| 09/10/2012 | 30 | MOTION to Appear Pro Hac Vice by AttorneyDaniel G. Booth $100 fee paid,receipt number 0754-1779083 by on behalf of Anthony Smith. (Booth, Daniel) (Entered: 09/10/2012) |
| 09/10/2012 | 31 | MOTION to Appear Pro Hac Vice *by Attorney Jason Sweet* by AttorneyDaniel G. Booth $100 fee paid,receipt number 0754-1779103 by on behalf of Anthony Smith. (Booth, Daniel) (Entered: 09/10/2012) |
| 09/10/2012 | 32 | NOTICE of Appearance by Daniel G. Booth on behalf of Anthony Smith (Booth, Daniel) (Entered: 09/10/2012) |
| 09/10/2012 | 33 | MOTION for Extension of Time to File Answer *or Otherwise Respond to Complaint* by Anthony Smith. (Attachments: # 1 Exhibit Summons - St. Clair County)(Booth, Daniel) (Entered: 09/10/2012) |
| 09/11/2012 | 34 | ORDER granting 33 Motion for Extension of Time to Answer. Defendant Smith shall file answer or responsive pleading on or |

CM/ECF - U.S. District Court:ilsd                                                    Page 8 of 21

Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 30 of 43   Page ID #3484
Case: 14-1682         Document: 1-1         Filed: 04/01/2014     Pages: 56

| | | |
|---|---|---|
| | | before 9/20/2012. Signed by Judge G. Patrick Murphy on 9/11/2012. (ktc)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/11/2012) |
| 09/12/2012 | 35 | ORDER granting 30 Motion to Appear Pro Hac Vice for attorney Dan Booth and granting 31 Motion to Appear Pro Hac Vice for attorney Jason Sweet, both on behalf of Defendant Anthony Smith on 9/12/2012. (jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 09/12/2012) |
| 09/18/2012 | 36 | MOTION to Dismiss for Failure to State a Claim by Anthony Smith. Responses due by 10/22/2012 (Booth, Daniel) (Entered: 09/18/2012) |
| 09/18/2012 | 37 | MEMORANDUM in Support re 36 MOTION to Dismiss for Failure to State a Claim filed by Anthony Smith. (Attachments: # 1 Exhibit A)(Booth, Daniel) (Entered: 09/18/2012) |
| 09/28/2012 | 38 | CJRA TRACK B assigned: Jury Trial set for presumptive month 10/2013 in East St. Louis Courthouse before Judge G. Patrick Murphy. Signed by Judge G. Patrick Murphy on 9/28/2012. (lmm) (Entered: 09/28/2012) |
| 10/01/2012 | 39 | RESPONSE in Opposition re 28 MOTION to Dismiss *Plaintiff's First Amended Complaint* filed by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 10/01/2012) |
| 10/01/2012 | 40 | MEMORANDUM in Opposition re 26 MOTION to Dismiss for Failure to State a Claim filed by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 10/01/2012) |
| 10/11/2012 | 41 | NOTICE of Scheduling and Discovery Conference: Scheduling/Discovery Conference set for 10/25/2012 at 3:30 PM via Telephone Conference before Magistrate Judge Stephen C. Williams. (amv) (Entered: 10/11/2012) |
| 10/15/2012 | 42 | RESPONSE to 39 Response in Opposition to Motion *to Dismiss* filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Seiver, John) (Entered: 10/15/2012) |
| 10/17/2012 | 43 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 42 Response filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. See attached document for specifics (jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/17/2012) |
| 10/22/2012 | 44 | RESPONSE in Opposition re 36 MOTION to Dismiss for Failure to State a Claim filed by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 10/22/2012) |
| 10/22/2012 | 45 | ENTRY STRICKEN - NOTICE by Lightspeed Media Corporation *Joint Report Of The Parties And Proposed Scheduling And Discovery Order* (Duffy, Paul) Modified on 10/23/2012 (jaj). |

CM/ECF - U.S. District Court:ilsd                                    Page 9 of 21
Case 3:12-cv-00889-DRH-SCW  Document 143  Filed 04/01/14  Page 31 of 43  Page ID #3485
            Case: 14-1682     Document: 1-1     Filed: 04/01/2014     Pages: 56

| | | |
|---|---|---|
| | | (Entered: 10/22/2012) |
| 10/23/2012 | 46 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 45 Notice (Other) filed by Lightspeed Media Corporation. Joint Report of Parties are to be e-mailed to the appropriate Judge's in box, not filed on the docket. Entry stricken, document deleted this date by Clerk's Office Staff. Per chambers, a copy was e-mailed and received 10/22/2012. No further action required at this time. (jaj) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/23/2012) |
| 10/24/2012 | 47 | MOTION to Defer Discovery Pending Ruling on Defendants' Outstanding 26 28 36 Motions to Dismiss by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Bozarth, Troy) Modified on 10/25/2012 (drb). (Entered: 10/24/2012) |
| 10/25/2012 | 48 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 47 Motion for Miscellaneous Relief, filed by ComCast Cable Communications, LLC, Anthony Smith, SBC Internet Services, Inc., ComCast Corporate Representative #1. At time of filing, Document 47 should have been linked to the various pending motions referenced. Clerk has linked entry to pending motions to dismiss and edited the docket text to reflect Motion to Dismiss instead of Motion to Stay as referenced in initial docket text. NO ACTION REQUIRED -- THIS NOTICE IS FOR INFORMATIONAL PURPOSES ONLY.(drb) (Entered: 10/25/2012) |
| 10/26/2012 | 49 | Minute Entry for Telephonic Scheduling & Discovery Conference held before Magistrate Judge Stephen C. Williams on 10/25/2012. Appearing for Plaintiff: Paul Hansmeier, Kevin Hoerner, and John Steele; for Defendant Smith: Daniel Booth; for AT&T Defendants: Troy Bozarth and Bart Huffman; for ComCast Defendants: John Seiver and Andy Toennies. The court set a truncated briefing schedule for the motion to defer discovery (which is really a motion to stay) filed by Defendants. Plaintiff's response to the motion to stay (Doc. 47) shall number 10 pages or less and shall be due on or before 10/31/2012. Defendants' reply brief shall number 5 pages or less and shall be due on or before 11/5/2012. The case is RESET for another Telephonic Scheduling / Discovery Conference (and if necessary any argument on the motion to stay) before Magistrate Judge Williams on **11/7/2012 at 03:00 PM**. (Court Reporter n/a.) (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 10/26/2012) |
| 10/29/2012 | | Set/Reset Deadlines as to 47 MOTION Motion to Defer Discovery Pending Ruling on Defendants' Outstanding Motions to Stay. Responses due by 10/31/2012 Replies due by 11/5/2012. (jaj) (Entered: 10/29/2012) |

CM/ECF - U.S. District Court:ilsd                                                    Page 10 of 21

Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 32 of 43   Page ID #3486
Case: 14-1682        Document: 1-1        Filed: 04/01/2014        Pages: 56

| | | |
|---|---|---|
| 10/31/2012 | 50 | RESPONSE in Opposition re 47 MOTION Motion to Defer Discovery Pending Ruling on Defendants' Outstanding Motions to Stay filed by Lightspeed Media Corporation. (Hansmeier, Paul) (Entered: 10/31/2012) |
| 11/02/2012 | 51 | REPLY to Response to Motion re 36 MOTION to Dismiss for Failure to State a Claim filed by Anthony Smith. (Sweet, Jason) (Entered: 11/02/2012) |
| 11/05/2012 | 52 | REPLY to Response to Motion re 47 MOTION Motion to Defer Discovery Pending Ruling on Defendants' Outstanding Motions to Stay filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Bozarth, Troy) (Entered: 11/05/2012) |
| 11/07/2012 | 53 | ORDER. The Motion to Stay Discovery (Doc. 47 ) is **GRANTED.** Discovery in this case is STAYED pending resolution of the motions to dismiss (Docs. 26, 28, 36). After the motions have been resolved, the Court will set a new scheduling conference to address the scheduling and conduct of discovery. Signed by Magistrate Judge Stephen C. Williams on 11/7/2012. (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/07/2012) |
| 11/07/2012 | 54 | NOTICE OF CANCELLATION of Hearing: today's telephonic scheduling/discovery conference is terminated.(jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/07/2012) |
| 11/14/2012 | 55 | MOTION to Withdraw as Attorney by Lightspeed Media Corporation. (Hansmeier, Paul) (Entered: 11/14/2012) |
| 11/15/2012 | 56 | ORDER granting 55 Motion to Withdraw. Attorney Paul Hansmeier has moved to withdraw from the case as counsel for Plaintiff, which is represented by multiple other counsel. The motion is GRANTED; Attorney Hansmeier is TERMINATED from the case. Signed by Magistrate Judge Stephen C. Williams on 11/15/2012. (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/15/2012) |
| 03/06/2013 | 57 | MOTION to Withdraw as Attorney by Lightspeed Media Corporation. (Steele, John) (Entered: 03/06/2013) |
| 03/07/2013 | 58 | ORDER granting 57 Motion to Withdraw. As Plaintiff is represented by other counsel, the Court GRANTS the motion to withdraw. *See* **SDIL-LR 83.1(g).** Attorney John L. Steele is hereby terminated from the case. Signed by Magistrate Judge Stephen C. Williams on 3/7/2013. (jls)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/07/2013) |
| 03/21/2013 | 59 | NOTICE of Voluntary Dismissal by Lightspeed Media Corporation (Duffy, Paul) (Entered: 03/21/2013) |

CM/ECF - U.S. District Court:ilsd                                                          Page 11 of 21
Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 33 of 43   Page ID #3487
                    Case: 14-1682       Document: 1-1       Filed: 04/01/2014       Pages: 56

| | | |
|---|---|---|
| 03/22/2013 | 60 | ORDER re 59 Notice of Voluntary Dismissal filed by Lightspeed Media Corporation. Under Federal Rule of Civil Procedure 41(a)(1)(A)(i), a Notice of Dismissal filed before Defendants have filed their answers or motions for summary judgment does not require judicial approval and is effective immediately. This is the case here. The motions to dismiss are terminated without prejudice as moot pursuant to Plaintiff's voluntary dismissal. This action is DISMISSED without prejudice and shall be closed on the docket.. Signed by Judge G. Patrick Murphy on 3/22/2013. (ktc)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/22/2013) |
| 04/05/2013 | 61 | MOTION for Attorney Fees by Anthony Smith. (Attachments: # 1 Exhibit Smith Declaration, # 2 Exhibit Guava Hearing Transcript, # 3 Exhibit Ingenuity 13 Order to Show Cause, # 4 Exhibit Sunlust Hearing Transcript, # 5 Exhibit Ingenuity 13 Verified Petition, # 6 Exhibit AF Holdings Complaint & Assignment, # 7 Exhibit Forbes Article)(Booth, Daniel) (Entered: 04/05/2013) |
| 04/08/2013 | 62 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 61 Motion for Attorney Fees, filed by Anthony Smith. See attached document for specifics (tkm ) (Entered: 04/08/2013) |
| 04/19/2013 | 63 | RESPONSE in Opposition re 61 MOTION for Attorney Fees filed by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 04/19/2013) |
| 05/01/2013 | 64 | REPLY to Response to Motion re 61 MOTION for Attorney Fees filed by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit)(Booth, Daniel) (Entered: 05/01/2013) |
| 10/30/2013 | 65 | ORDER granting 61 Motion for Attorney Fees. Defendant shall file itemization of fees on or before 11/8/2013. Signed by Judge G. Patrick Murphy on 10/30/2013. (ktc) (Entered: 10/30/2013) |
| 10/31/2013 | 66 | MOTION to Vacate 65 Order on Motion for Attorney Fees , MOTION for Reconsideration re 65 Order on Motion for Attorney Fees by Paul Hansmeier. (Hansmeier, Paul) (Entered: 10/31/2013) |
| 10/31/2013 | 67 | MEMORANDUM in Support re 66 MOTION to Vacate 65 Order on Motion for Attorney Fees MOTION for Reconsideration re 65 Order on Motion for Attorney Fees filed by Paul Hansmeier. (Attachments: # 1 Exhibit Declaration of Paul Hansmeier)(Hansmeier, Paul) (Entered: 10/31/2013) |
| 11/04/2013 | 68 | MOTION for Reconsideration re 65 Order on Motion for Attorney Fees , MOTION to Vacate by John Steele. (Attachments: # 1 Exhibit, # 2 Supplement)(Steele, John) (Entered: 11/04/2013) |
| 11/04/2013 | 69 | MEMORANDUM in Support re 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees MOTION to Vacate filed |

CM/ECF - U.S. District Court:ilsd                                    Page 12 of 21
Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 34 of 43   Page ID #3488
Case: 14-1682        Document: 1-1        Filed: 04/01/2014        Pages: 56

| | | |
|---|---|---|
| | | by John Steele. (Attachments: # 1 Exhibit)(Steele, John) (Entered: 11/04/2013) |
| 11/05/2013 | 70 | NOTICE of Hearing on 66 MOTION to Vacate 65 Order on Motion for Attorney Fees/MOTION for Reconsideration re 65 Order on Motion for Attorney Fees, and 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees/MOTION to Vacate: Motion Hearing SET for 11/13/2013 at 10:00 AM in East St. Louis Courthouse before Judge G. Patrick Murphy. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/05/2013) |
| 11/06/2013 | 71 | MOTION to Withdraw as Attorney by Lightspeed Media Corporation. (Hoerner, Kevin) (Entered: 11/06/2013) |
| 11/06/2013 | 72 | ORDER: GRANTING 71 MOTION to Withdraw as Attorney filed by Lightspeed Media Corporation. Attorney Kevin T. Hoerner was local counsel not implicated in the Order at Doc. 65. Kevin Hoermer is terminated in case. Signed by Judge G. Patrick Murphy on 11/6/2013. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/06/2013) |
| 11/06/2013 | 73 | MOTION to Continue by John Steele. (Steele, John) (Entered: 11/06/2013) |
| 11/07/2013 | 74 | MOTION to Vacate 65 Order on Motion for Attorney Fees by Lightspeed Media Corporation. (Duffy, Paul) (Entered: 11/07/2013) |
| 11/07/2013 | 75 | MEMORANDUM in Support re 74 MOTION to Vacate 65 Order on Motion for Attorney Fees filed by Paul Duffy. (Attachments: # 1 Exhibit Declaration)(Duffy, Paul) (Entered: 11/07/2013) |
| 11/07/2013 | 76 | ORDER: DENYING 73 MOTION to Continue filed by John Steele. The hearing will go forward on 11/13/2013 at 10:00 AM in East St. Louis Courthouse. Signed by Judge G. Patrick Murphy on 11/7/2013. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/07/2013) |
| 11/08/2013 | 77 | NOTICE of Hearing on 74 MOTION to Vacate 65 Order on Motion for Attorney Fees: Motion Hearing SET for 11/13/2013 at 10:00 AM in East St. Louis Courthouse before Judge G. Patrick Murphy, along with the other pending motions previously set for oral arguments at that time. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/08/2013) |
| 11/08/2013 | 78 | MOTION for Attorney Fees by ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Toennies, Andrew) (Entered: 11/08/2013) |
| 11/08/2013 | 79 | NOTICE by ComCast Cable Communications, LLC, ComCast |

CM/ECF - U.S. District Court:ilsd                                    Page 13 of 21

Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 35 of 43   Page ID #3489
Case: 14-1682      Document: 1-1      Filed: 04/01/2014      Pages: 56

| | | |
|---|---|---|
| | | Corporate Representative #1 re 78 MOTION for Attorney Fees *Notice of Hearing for Defendant Comcast Cable's Motion for Attorney's Fees* (Toennies, Andrew) (Entered: 11/08/2013) |
| 11/08/2013 | 80 | NOTICE of Hearing on 78 MOTION for Attorney Fees: Motion Hearing SET for 11/13/2013 at 10:00 AM in East St. Louis Courthouse before Judge G. Patrick Murphy, along with the other pending motions previously set for oral arguments at that time. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/08/2013) |
| 11/08/2013 | 81 | STRICKEN PURSUANT TO DOCUMENT 89 - RESPONSE in Opposition re 66 MOTION to Vacate 65 Order on Motion for Attorney Fees MOTION for Reconsideration re 65 Order on Motion for Attorney Fees , 74 MOTION to Vacate 65 Order on Motion for Attorney Fees , 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees MOTION to Vacate filed by Anthony Smith. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Booth, Daniel) Modified on 11/12/2013 (kek, ) (Entered: 11/08/2013) |
| 11/08/2013 | 82 | MOTION for Attorney Fees by SBC Internet Services, Inc.. (Attachments: # 1 Exhibit 1)(Bozarth, Troy) (Entered: 11/08/2013) |
| 11/08/2013 | 83 | NOTICE by SBC Internet Services, Inc. re 82 MOTION for Attorney Fees *, Notice of Hearing* (Bozarth, Troy) (Entered: 11/08/2013) |
| 11/08/2013 | 84 | STRICKEN PURSUANT TO DOCUMENT 89 - MOTION for Attorney Fees *Supplemental Itemization* by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Affidavit, # 6 Affidavit)(Booth, Daniel) Modified on 11/12/2013 (kek, ) (Entered: 11/08/2013) |
| 11/08/2013 | 85 | STRICKEN PURSUANT TO DOCUMENT 89 - NOTICE by Anthony Smith re 84 MOTION for Attorney Fees *Supplemental Itemization Notice of Hearing* (Booth, Daniel) Modified on 11/12/2013 (kek, ). (Entered: 11/08/2013) |
| 11/10/2013 | 86 | RESPONSE in Opposition re 82 MOTION for Attorney Fees , 78 MOTION for Attorney Fees filed by Paul Hansmeier. (Hansmeier, Paul) (Entered: 11/10/2013) |
| 11/10/2013 | 87 | NOTICE by Paul Hansmeier re 85 Notice (Other) (Hansmeier, Paul) (Entered: 11/10/2013) |
| 11/11/2013 | 88 | MEMORANDUM in Opposition re 82 MOTION for Attorney Fees , 78 MOTION for Attorney Fees filed by John Steele. (Attachments: # 1 Exhibit, # 2 Exhibit)(Steele, John) (Entered: 11/11/2013) |
| 11/12/2013 | 89 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 81 Response in Opposition to Motion filed by Anthony |

CM/ECF - U.S. District Court:ilsd                                                    Page 14 of 21

Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 36 of 43   Page ID #3490
Case: 14-1682        Document: 1-1        Filed: 04/01/2014        Pages: 56

|  |  | Smith, 84 Motion for Attorney Fees filed by Anthony Smith, 85 Notice (Other) filed by Anthony Smith. See attached document for specifics (kek) (Entered: 11/12/2013) |
|---|---|---|
| 11/12/2013 | 90 | Supplemental Itemization of Fees re 61 by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Affidavit, # 6 Affidavit)(Booth, Daniel) Modified on 11/25/2013 (trb). (Entered: 11/12/2013) |
| 11/12/2013 | 91 | NOTICE by Anthony Smith re 90 MOTION for Attorney Fees *Supplemental Itemization Notice of Hearing* (Booth, Daniel) (Entered: 11/12/2013) |
| 11/12/2013 | 92 | RESPONSE in Opposition re 66 MOTION to Vacate 65 Order on Motion for Attorney Fees MOTION for Reconsideration re 65 Order on Motion for Attorney Fees , 74 MOTION to Vacate 65 Order on Motion for Attorney Fees , 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees MOTION to Vacate filed by Anthony Smith. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit)(Booth, Daniel) (Entered: 11/12/2013) |
| 11/12/2013 | 93 | REPLY to Response to Motion re 82 MOTION for Attorney Fees , 78 MOTION for Attorney Fees filed by Anthony Smith. (Booth, Daniel) (Entered: 11/12/2013) |
| 11/12/2013 | 94 | NOTICE of Hearing on 82 MOTION for Attorney Fees, 90 MOTION for Attorney Fees/Supplemental Itemization: Motion Hearing SET for 11/13/2013 at 10:00 AM in East St. Louis Courthouse before Judge G. Patrick Murphy, along with the other pending motions previously set for oral arguments at that time. (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/12/2013) |
| 11/13/2013 | 95 | ORDER re law clerk conflict. Signed by Judge G. Patrick Murphy on 11/13/13. (lmm) (Entered: 11/13/2013) |
| 11/13/2013 | 96 | Minute Entry for proceedings held before Judge G. Patrick Murphy: Motion Hearing held on 11/13/2013. Motions Taken Under Advisement: 66 MOTION to Vacate 65 Order on Motion for Attorney Fees/MOTION for Reconsideration re 65 Order on Motion for Attorney Fees, 74 MOTION to Vacate 65 Order on Motion for Attorney Fees, 82 MOTION for Attorney Fees, 68 MOTION for Reconsideration re 65 Order on Motion for Attorney Fees/MOTION to Vacate, 90 MOTION for Attorney Fees *Supplemental Itemization, 78 MOTION for Attorney Fees. (Court Reporter Molly Clayton.) (lmm)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/13/2013)* |
| 11/15/2013 | 97 | Supplemental Itemization of Fees re 82 by SBC Internet Services, Inc. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Bozarth, Troy) |

CM/ECF - U.S. District Court:ilsd                                                    Page 15 of 21
Case 3:12-cv-00889-DRH-SCW  Document 143  Filed 04/01/14  Page 37 of 43  Page ID #3491
Case: 14-1682        Document: 1-1        Filed: 04/01/2014        Pages: 56

| | | Modified on 11/25/2013 (trb). (Entered: 11/15/2013) |
|---|---|---|
| 11/22/2013 | 98 | Supplemental Itemization of Fees re 78 by Defendant Comcast's, ComCast Cable Communications, LLC, ComCast Corporate Representative #1. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2) (Toennies, Andrew) Modified on 11/25/2013 (trb). (Entered: 11/22/2013) |
| 11/25/2013 | 99 | ORDER: This matter is before the Court for the purposes of docket control. In the future, any and all itemizations of fees should be filed as a supplement to the respective motion for attorney fees. Accordingly, 97 MOTION for Attorney Fees Supplemental Itemization filed by SBC Internet Services, Inc. and 90 MOTION for Attorney Fees Supplemental Itemization filed by Anthony Smith are terminated as pending motions. The Clerk of Court is DIRECTED to modify the docket text to reflect that 90 is a Supplemental Itemization of Fees linked to 61 MOTION for Attorney Fees filed by Anthony Smith; 97 is a Supplemental Itemization of Fees linked to 82 MOTION for Attorney Fees filed by SBC Internet Services, Inc.; and 98 is a Supplemental Itemization of Fees linked to 78 MOTION for Attorney Fees filed by ComCast Cable Communications, LLC. Signed by Judge G. Patrick Murphy on 11/25/13. (klh2) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 11/25/2013) |
| 11/27/2013 | 100 | ORDER DENYING 66 Motion to Vacate/for Reconsideration by Paul Hansmeier; DENYING 68 Motion to Vacate/for Reconsideration by John Steele; DENYING 74 Motion to Vacatefiled by Paul Duffy; GRANTING 78 Motion for Attorney Fees by ComCast Cable Communications, LLC; GRANTING 82 Motion for Attorney Fees by SBC Internet Services, Inc. It is ORDERED that pursuant to 28 U.S.C § 1927, Paul Duffy, Paul Hansmeier, and John Steele are jointly and severally liable, and shall pay within 14 days of this order, attorney fees and costs to Defendant Anthony Smith in the amount of $72,367.00, to AT&T in the amount of $119,637.05, and to ComCast in the amount of $69,021.26 for a total judgment of $261,025.11, with interest as provided by law. Signed by Judge G. Patrick Murphy on 11/27/13. (klh2) (Entered: 11/27/2013) |
| 12/10/2013 | 101 | Transcript of ALL PENDING MOTIONS held on 11/13/2013, before Judge G. Patrick Murphy. Court Reporter Molly Clayton, Telephone number 618.482.9226. **NOTICE: Attorneys and unrepresented parties have 7 calendar days to file a Notice of Intent to Request Redaction of this transcript and 21 calendar days to file a Redaction Request. If redactions are not requested, the transcript will be made remotely available to the public without redaction after 90 calendar days. See the full Transcript Policy on the website at http://www.ilsd.uscourts.gov/forms/TransPolicy.pdf** |

CM/ECF - U.S. District Court:ilsd                                    Page 16 of 21
Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 38 of 43   Page ID #3492
Case: 14-1682        Document: 1-1        Filed: 04/01/2014        Pages: 56

| | | |
|---|---|---|
| | | Transcript may be viewed at the public terminal or purchased through the Court Reporter before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 12/31/2013. Redacted Transcript Deadline set for 1/10/2014. Release of Transcript Restriction set for 3/10/2014. (mnc) (Entered: 12/10/2013) |
| 12/12/2013 | 102 | NOTICE OF APPEAL as to 100 Order on Motion to Vacate, Order on Motion for Reconsideration,,,, Order on Motion for Attorney Fees,,,,,,,,,,,,,,,,,,,,,,,, 65 Order on Motion for Attorney Fees by Paul Duffy, Paul Hansmeier, John Steele. Filing fee $ 505, receipt number 0754-2145266. (Hansmeier, Paul) (Entered: 12/12/2013) |
| 12/16/2013 | 103 | Transmission of Short Record to US Court of Appeals re 102 Notice of Appeal (lmb) (Entered: 12/16/2013) |
| 12/16/2013 | 104 | Rule 10 Letter. Appeal Record due to be prepared by 12/26/2013. (lmb) (Entered: 12/16/2013) |
| 12/18/2013 | 105 | USCA Case Number 13-3801 for 102 Notice of Appeal, filed by Paul Hansmeier, John Steele, Paul Duffy. (Attachments: # 1 Notice of Docketing)(cds) (Entered: 12/18/2013) |
| 12/26/2013 | 106 | DESIGNATION of Record on Appeal by Paul Duffy, Paul Hansmeier, John Steele re 102 Notice of Appeal, (Hansmeier, Paul) (Entered: 12/26/2013) |
| 12/27/2013 | 107 | Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Seiver, John) (Entered: 12/27/2013) |
| 12/30/2013 | | Chief Judge David R. Herndon added. Judge G. Patrick Murphy no longer assigned to case. (lmt) (Entered: 12/30/2013) |
| 12/30/2013 | 108 | TRANSCRIPT INFORMATION SHEET by Attorney/Pro Se Party (Hansmeier, Paul) (Entered: 12/30/2013) |
| 01/06/2014 | 109 | TRANSCRIPT INFORMATION SHEET by Court Reporter (mnc) (Entered: 01/06/2014) |
| 01/14/2014 | 110 | Joint MOTION to Supplement *the Record on Appeal* by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. (Booth, Daniel) (Entered: 01/14/2014) |
| 01/28/2014 | 111 | RESPONSE in Opposition re 107 Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* filed by Paul Duffy. (Duffy, Paul) (Entered: 01/28/2014) |
| 01/29/2014 | 112 | ORDER re 107 Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each* |

CM/ECF - U.S. District Court:ilsd                                                    Page 17 of 21
Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 39 of 43   Page ID #3493
Case: 14-1682        Document: 1-1        Filed: 04/01/2014      Pages: 56

| | | |
|---|---|---|
| | | *Should Not be Held in Contempt* filed by ComCast Cable Communications, LLC, Anthony Smith, SBC Internet Services, Inc., ComCast Corporate Representative #1. The defendants are DIRECTED to file a reply to [111](#) RESPONSE in Opposition filed by Paul Duffy on or before 2/6/2014. Further this matter is set for a Show Cause Hearing on 2/13/2014 at 09:00 AM in East St. Louis Courthouse before Chief Judge David R. Herndon. Signed by Chief Judge David R. Herndon on 1/29/2014. (kbl, )THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/29/2014) |
| 01/29/2014 | [113](#) | MEMORANDUM in Opposition re [107](#) Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* filed by Paul Hansmeier. (Attachments: # [1](#) Affidavit)(Hansmeier, Paul) (Entered: 01/29/2014) |
| 01/29/2014 | [114](#) | MOTION to Stay *November 27, 2013 Order* by John Steele. (Steele, John) (Entered: 01/29/2014) |
| 01/29/2014 | [115](#) | MEMORANDUM in Support re [114](#) MOTION to Stay *November 27, 2013 Order* filed by John Steele. (Steele, John) (Entered: 01/29/2014) |
| 01/30/2014 | [116](#) | MOTION to Quash *Subpoenas Issued by Anthony Smith in Violation of the Court's Stay* by Paul Duffy, Paul Hansmeier, John Steele. (Attachments: # [1](#) Affidavit)(Hansmeier, Paul) (Entered: 01/30/2014) |
| 01/30/2014 | 117 | ORDER re [107](#) Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* filed by ComCast Cable Communications, LLC, Anthony Smith, SBC Internet Services, Inc., ComCast Corporate Representative #1. Defendants are DIRECTED to file a reply to [113](#) Memorandum in Opposition to Motion filed by Paul Hansmeier on or before 2/6/2014. Signed by Chief Judge David R. Herndon on 1/30/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/30/2014) |
| 01/30/2014 | 118 | NOTICE re 112 Order. Parties may appear by phone for the Show Cause Hearing on 2/13/2014 at 9:00 AM. Call-in information: Toll Free Meeting Number (888) 684-8852, Access Code 6128101, Participant Security Code 2587. (slj) THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 01/30/2014) |
| 02/06/2014 | [119](#) | REPLY to Response to Motion re [107](#) Joint MOTION for Contempt *, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Each Should Not be Held in Contempt* filed by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. |

CM/ECF - U.S. District Court:ilsd                                          Page 18 of 21
Case 3:12-cv-00889-DRH-SCW  Document 143  Filed 04/01/14  Page 40 of 43  Page ID #3494
Case: 14-1682        Document: 1-1        Filed: 04/01/2014        Pages: 56

|  |  |  |
|---|---|---|
|  |  | (Seiver, John) (Entered: 02/06/2014) |
| 02/11/2014 | 120 | MOTION for Leave to File *Surreply to the Defendants Joint Reply to Oppositions of Paul Duffy and Paul Hansmeier to Motion for Contempt, or in the Alternative, for an Order to Plaintiffs Counsel to Show Cause Why They Should Not be Held in Contempt* by Paul Hansmeier. (Attachments: # 1 Exhibit Proposed Surreply-Deleted pursuant to NOE at Document 122) (Hansmeier, Paul) Modified on 2/12/2014 (kek). (Entered: 02/11/2014) |
| 02/11/2014 | 121 | ORDER denying 120 Motion for Leave to File Surreply to the Defendants Joint Reply to Oppositions of Paul Duffy and Paul Hansmeier to Motion for Contempt, or in the Alternative, for an Order to Plaintiffs' Counsel to Show Cause Why They Should Not be Held in Contempt by Paul Hansmeier. Pursuant to Local Rule 7.1 (c), "Under no circumstances will sur-reply briefs be accepted." Signed by Chief Judge David R. Herndon on 2/11/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 02/11/2014) |
| 02/12/2014 | 122 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 120 Motion for Leave to File, filed by Paul Hansmeier. See attached document for specifics (kek) (Entered: 02/12/2014) |
| 02/13/2014 | 123 | Minute Entry for proceedings held before Chief Judge David R. Herndon: Show Cause Hearing re: 107 Joint Motion for Contempt held on 2/13/2014. Motion taken under advisement. Mr. Steele, Mr. Hansmeier and Mr. Duffy shall submit asset statements prepared by a certified public accountant on or before 2/24/2014. MOTION to Stay November 27, 2013 Order 114 filed by John Steele is denied. (Court Reporter Laura Blatz.) (slj) (Entered: 02/13/2014) |
| 02/16/2014 | 124 | RESPONSE in Opposition re 116 MOTION to Quash *Subpoenas Issued by Anthony Smith in Violation of the Court's Stay* filed by Anthony Smith. (Sweet, Jason) (Entered: 02/16/2014) |
| 02/19/2014 | 125 | ORDER denying 116 Motion to Quash. Signed by Chief Judge David R. Herndon on 2/19/2014. (kbl) (Entered: 02/19/2014) |
| 02/19/2014 | 126 | ORDER granting 110 Joint MOTION to Supplement the Record on Appeal by ComCast Cable Communications, LLC, ComCast Corporate Representative #1, SBC Internet Services, Inc., Anthony Smith. Appellants Paul Duffy, Paul Hansmeier, and John Steele have not responded. The Court deems appellants' failure to respond as an admission of the merits of defendants' motion. See SDIL-LR 7.1(c). Therefore, the Court GRANTS defendants' motion and DIRECTS the Clerk of the Court to supplement the record on appeal accordingly. Signed by Chief Judge David R. Herndon on 2/19/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 02/19/2014) |
| 02/28/2014 | 🔒 127 | ENTRY STRICKEN - Transcript of SHOW CAUSE HEARING |

| | | | |
|---|---|---|---|
| | | | held on 2/13/2014, before Judge David R. Herndon. Court Reporter/Transcriber Laura A. Blatz, Telephone number (618) 482-9481.<br><br>**NOTICE: Attorneys and unrepresented parties have 7 calendar days to file a Notice of Intent to Request Redaction of this transcript and 21 calendar days to file a Redaction Request. If redactions are not requested, the transcript will be made remotely available to the public without redaction after 90 calendar days. See the full Transcript Policy on the website at http://www.ilsd.uscourts.gov/forms/TransPolicy.pdf**<br><br>Transcript may be viewed at the public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/21/2014. Redacted Transcript Deadline set for 3/31/2014. Release of Transcript Restriction set for 5/29/2014. (lb) Modified on 3/3/2014 (jaj). (Entered: 02/28/2014) |
| 03/03/2014 | 🔒 | 128 | Transcript of SHOW CAUSE HEARING held on 2/13/2014, before Judge David R. Herndon. Court Reporter/Transcriber Laura A. Blatz, Telephone number (618) 482-9481.<br><br>**NOTICE: Attorneys and unrepresented parties have 7 calendar days to file a Notice of Intent to Request Redaction of this transcript and 21 calendar days to file a Redaction Request. If redactions are not requested, the transcript will be made remotely available to the public without redaction after 90 calendar days. See the full Transcript Policy on the website at http://www.ilsd.uscourts.gov/forms/TransPolicy.pdf**<br><br>Transcript may be viewed at the public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 3/24/2014. Redacted Transcript Deadline set for 4/3/2014. Release of Transcript Restriction set for 6/2/2014. (lb) (Entered: 03/03/2014) |
| 03/03/2014 | | 129 | NOTICE STRIKING ELECTRONICALLY FILED DOCUMENTS striking 127 Transcript. Transcript not signed or "s/" by court reporter. Document to be executed and refiled by court reporter this date.(jaj)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/03/2014) |
| 03/04/2014 | | 130 | Request from USCA to transmit Record on Appeal re 102 Notice of Appeal, (drb) (Entered: 03/04/2014) |
| 03/04/2014 | | | Record on Appeal Prepared re 102 Notice of Appeal (drb) (Entered: 03/04/2014) |

CM/ECF - U.S. District Court:ilsd                                                                                    Page 20 of 21

Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 42 of 43   Page ID #3496
Case: 14-1682          Document: 1-1          Filed: 04/01/2014          Pages: 56

| 03/04/2014 | 131 | Certified and Transmitted Record on Appeal to US Court of Appeals re 102 Notice of Appeal. (drb) (Entered: 03/04/2014) |
|---|---|---|
| 03/07/2014 | 132 | Acknowledgment of receipt of Record on Appeal by USCA 7 re 102 Notice of Appeal (lmb) (Entered: 03/11/2014) |
| 03/07/2014 | 133 | Acknowledgment of receipt of transcripts in Record on Appeal by USCA 7 re 102 Notice of Appeal (lmb) (Entered: 03/11/2014) |
| 03/20/2014 | 134 | NOTICE by Anthony Smith (Sweet, Jason) (Entered: 03/20/2014) |
| 03/20/2014 | 135 | SEALED MOTION *for Contempt* by Anthony Smith. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G, # 8 Exhibit H, # 9 Exhibit I, # 10 Exhibit J, # 11 Exhibit K, # 12 Exhibit L, # 13 Exhibit M, # 14 Exhibit N, # 15 Exhibit O, # 16 Exhibit P, # 17 Exhibit Q, # 18 Exhibit R, # 19 Exhibit S, # 20 Exhibit T, # 21 Exhibit U, # 22 Exhibit V, # 23 Exhibit W, # 24 Exhibit X, # 25 Exhibit Y, # 26 Affidavit Z, # 27 Exhibit AA, # 28 Exhibit BB, # 29 Exhibit CC, # 30 Exhibit DD, # 31 Exhibit EE)(Sweet, Jason) Modified on 3/24/2014 (myz ). (Entered: 03/20/2014) |
| 03/24/2014 | 136 | ORDER granting 107 Motion for Contempt. See Order for details. Signed by Chief Judge David R. Herndon on 03/24/2014. (kbl) (Entered: 03/24/2014) |
| 03/24/2014 | 137 | ORDER re (135) EX PARTE MOTION *for Contempt* filed by Anthony Smith. The Clerk of the Court is DIRECTED to modify the restriction level on this document. It is to be released to the parties but to remain sealed from the public. The Clerk of the Court is also DIRECTED to send notice to plaintiff's counsel of the pending motion. Finally, defendant Smith is DIRECTED to provide a copy of the motion to plaintiff's counsel. Pursuant to the Court's Order on Motion for Contempt 136 , plaintiff's counsel is ORDERED to respond to the motion on or before 4/20/2014. Signed by Chief Judge David R. Herndon on 03/24/2014. (kbl)THIS TEXT ENTRY IS AN ORDER OF THE COURT. NO FURTHER DOCUMENTATION WILL BE MAILED. (Entered: 03/24/2014) |
| 03/26/2014 | 138 | Emergency MOTION for Reconsideration re 136 Order on Motion for Contempt by Paul Hansmeier. (Hansmeier, Paul) (Entered: 03/26/2014) |
| 03/26/2014 | 139 | MEMORANDUM in Support re 138 Emergency MOTION for Reconsideration re 136 Order on Motion for Contempt filed by Paul Hansmeier. (Hansmeier, Paul) (Entered: 03/26/2014) |
| 03/31/2014 | 140 | NOTICE OF APPEAL as to 136 Order on Motion for Contempt by Paul Duffy, Paul Hansmeier, John Steele. (Hansmeier, Paul) (Entered: 03/31/2014) |
| 03/31/2014 | 141 | MOTION to Stay re 136 Order on Motion for Contempt by Paul Duffy, Paul Hansmeier, John Steele. (Attachments: # 1 Exhibit |

CM/ECF - U.S. District Court:ilsd                                    Page 21 of 21
Case 3:12-cv-00889-DRH-SCW   Document 143   Filed 04/01/14   Page 43 of 43   Page ID #3497
Case: 14-1682      Document: 1-1      Filed: 04/01/2014      Pages: 56

| | | Proposed Form of Supersedeas Bond)(Hansmeier, Paul) (Entered: 03/31/2014) |
|---|---|---|
| 04/01/2014 | 142 | NOTICE OF ERRORS AND/OR DEFICIENCIES re 141 Motion to Stay filed by Paul Hansmeier, John Steele, Paul Duffy. See attached document for specifics (cekf) (Entered: 04/01/2014) |